## 21312. BLAKEMORE v. BLAKEMORE.

CANDLER, Justice. This habeas corpus proceeding involves a contest between the mother and the father of an illegitimate girl fifteen years of age who has never been legitimated by her father under the provisions of *Code* § 74-103. On the hearing and after both parties had introduced their evidence, the court awarded custody of the child to its mother and the respondent father excepted to that judgment. *Held:*

1. "The mother of an illegitimate child shall be entitled to the possession of the child, unless the father shall legitimate him

as before [*Code* § 74-103] provided. Being the only recognized parent, she may exercise all the paternal power." *Code* § 74-203. See *Perry v. State,* 113 Ga. 936 (2) (39 SE 315) where it was unanimously held: "The control of a minor bastard child who has not been legitimated by his father belongs exclusively to his mother."

2. In the instant case there is no contention that the plaintiff mother is an unfit person to have custody and control of her illegitimate child, and the respondent father, who has not legitimated his child, predicates his right to retain custody and control of her solely on the ground that the mother had by voluntary contract released her to him and consented for him to have permanent custody and control of her on his agreement to support and educate her. On the trial the father testified positively that his custody of the child was in virtue of such contract and the mother testified positively that she had not released her right of parental control to the respondent father by contract or otherwise and that he had taken possession of the child without her consent and against her will. The judge, as the exclusive trior of that issue of fact, found in favor of the mother's contention and this court will not interfere with his decision on that issue when there is, as here, any evidence to support his finding. *Reece v. State,* 208 Ga. 690 (2) (69 SE2d 92), and the several cases there cited. And since in the instant case no attack is made on the fitness of the mother to have custody and control of her illegitimate child and the court found from conflicting evidence that she had not relinquished her right of parental custody and control to the father of such child by voluntary contract, as he contends, the judge was not vested with any discretion as to which of the parties he should award custody and control of the child here involved; but, in such circumstances, it was his legal duty to award custody and control of such child to her mother. As to the several ways in which parental control may be lost, see *Code* § 74-108; *Bond v. Norwood,* 195 Ga. 383 (24 SE2d 289) and *Waldrup v. Crane,* 203 Ga. 388 (46 SE2d 919); and *Code Ann.* § 24-2427 which comes from an act which the legislature passed in 1951 (Ga. L. 1951, pp. 291, 306). Compare *Sturkie v. Skinner,* 214 Ga. 264 (104 SE2d 417).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 11, 1961—DECIDED SEPTEMBER 7, 1961.

*Frank M. Gleason, Wayne Snow, Jr.,* for plaintiff in error.
*Lindsay H. Bennett, Jr.,* contra.