## 58727. MUNDAY v. MUNDAY.

BANKE, Judge.

The parties to this action were divorced by order of the Fayette County Superior Court in July 1973, with the custody of their child given to appellee. In January 1979, appellant filed in the same court a "motion" wherein he sought modification of visitation rights and contested the incorporation in the final divorce decree of a settlement agreement between the parties. This appeal is from the dismissal of the "motion" for improper venue, based on the uncontested finding of the trial court that appellee is presently a resident of DeKalb County. The appeal was originally directed to the Supreme Court, which transferred the case to this court in an order which noted that the Georgia Child Custody Intrastate Jurisdiction Act of 1978, Code Ann. Ch. 24-3B (Ga. L. 1978, p. 1957), became effective January 1, 1979, and applies to all custody questions filed thereafter. This Act specifically provides that "[t]he use of a complaint in the nature of habeas corpus seeking a change of child custody is hereby prohibited." Code Ann. § 24-304b (d). The Supreme Court's jurisdiction over child custody matters in non-divorce cases has traditionally been based upon its habeas corpus jurisdiction — hence the transfer to this court. See *Munday v. Munday,* 243 Ga. 863 (257 SE2d 282) (1979). *Held:*

If viewed as a "motion," appellant's pleading would appear to request relief from a 1973 judgment of divorce which was never appealed. Absent a jurisdictional attack on that judgment, such relief is barred because the judgment was not attacked "within three years from entry . . ." Code Ann. § 81A-160 (CPA § 60). In essence, however, the appellant's motion is a new action seeking

modification of the visitation rights set forth in the earlier decree, and venue is accordingly in the county where the defendant currently resides. Appellant's reliance upon *Kent v. Tankersley,* 243 Ga. 471 (254 SE2d 851) (1979) is misplaced. That case was a contempt proceeding wherein a slight change in visitation rights was granted. Code Ann. § 30-127 "allows modification of visitation rights on the motion of either party or on the motion of the trial judge in a contempt proceeding." *Sampson v. Sampson,* 240 Ga. 118 (239 SE2d 519) (1977). The case before us now is controlled by Code Ann. § 24-304b (a) (Ga. L. 1978, pp. 1957, 1958), which became effective January 1, 1979, and provides that ". . . after a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of such child shall be brought as a separate action in the county of residence of the legal custodian of the child." " 'Custody' includes visitation rights." Code Ann. § 24-303b (c). It follows that the trial court's order of dismissal was proper.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED OCTOBER 16, 1979 — DECIDED NOVEMBER 7, 1979.

*J. Eugene Wilson,* for appellant.
*Charles D. Read,* for appellee.