60899. SEYMOUR v. SEYMOUR.

McMURRAY, Presiding Judge.

The parties to this action filed in the Putnam Superior Court were divorced and a final judgment and decree was issued and filed on October 26, 1979, "nunc pro tunc" as of October 23, 1979. The plaintiff in the divorce action (the mother) was awarded custody of the parties' minor child. However, the defendant father was allowed certain visitation privileges "on the first Saturday of each month at the Plaintiff's mother's resident from 1:00 o'clock p.m. until 4:00 o'clock p.m. The Defendant shall come alone to Plaintiff's mother's residence at these times. On the Sundays which follow the first Saturday the Plaintiff agrees to bring the child to the residence of the parties in Eatonton, Georgia, so that the Defendant can further visit with his child. This shall be accomplished between the hours of 2:00 o'clock p.m. until 5:00 o'clock p.m. Plaintiff shall remain with the child at all times and agrees to come alone on these Sunday visits." This order also provided further restrictive visits with the child as to "a joint visit for Defendant and his parents," the method of picking up the child and placing a duty on the plaintiff "to have the child ready at these times."

Almost immediately in the same case the defendant filed a motion or complaint praying that the plaintiff be cited for contempt in not allowing visitation privileges. A rule nisi issued but apparently was never heard in accordance with the rule nisi for lack of service even though it was amended before the hearing with a summons attached and a second original was thereafter served upon the plaintiff in Clarke County by a Clarke County deputy sheriff prior to the hearing. A new contempt proceeding was then filed and served by mail on counsel for the opposing party with an order issued by the

clerk of the Putnam Superior Court for the plaintiff to show cause on February 29, 1980, why relief should not be granted. A continuance was then granted on February 28, 1980 (filed February 29, 1980), and the hearing was set down for March 11, 1980.

On March 4, 1980, a complaint for modification of visitation rights (for the defendant father to be given additional visitation rights) was filed and served by mail upon counsel with another rule nisi attached in the same case and court (Putnam Superior Court), ordering the plaintiff mother to show cause on March 11, 1980, why the relief should not be granted.

Plaintiff then moved to dismiss this motion for modification of visitation rights on the ground that a final judgment had been issued in the matter, and the same could not be modified by the Putnam Superior Court "except by filing a new action in the county of . . . [plaintiff's] . . . residence."

The contempt hearing was then heard on March 14, 1980, and the plaintiff (the child's mother) was found in contempt in that she "had intentionally denied visitation rights to the father," and that she be confined in the county jail until she purged herself of contempt.

On July 8, 1980, another order issued as "nunc pro tunc, as of June 6, 1980," that in addition to the contempt proceedings, the modification of visitation rights was also heard on March 14, 1980, after a continuance from March 11, 1980, finding that the plaintiff mother was intentionally denying visitation rights to the father and same were duly changed because the present visitation arrangement was not working to the best interest of the parties and the plaintiff "had moved to Oconee County, and the travel expense was exorbitant, . . . [and] . . . evidence was present showing Defendant as being able to care for his minor son," the order reciting further that it was to supersede the final judgment and decree of October 23, 1979.

Plaintiff appeals, in forma pauperis, from this order modifying the final decree reciting that the transcript of the proceedings would not be included in the record. *Held:*

This case is similar to and controlled adversely to the defendant father by *Munday v. Munday,* 152 Ga. App. 232 (262 SE2d 543), in that the plaintiff mother had not submitted to the jurisdiction of the Putnam Superior Court as to the request for modification, had moved for dismissal of this motion for modification of the visitation rights because of the improper venue. The facts of the case show that service of the contempt citation was obtained upon her by service of a second original in Clarke County, and the trial court's order of modification recites that the plaintiff "had moved to Oconee County," and the reason for the modification of the final judgment

and decree was because of this fact. As quoted in *Munday v. Munday,* 152 Ga. App. 232, 233, supra, Code Ann. § 24-304b (Ga. L. 1978, pp. 1957, 1958, effective January 1, 1979; Georgia Child Custody Intrastate Jurisdiction Act of 1978) provides that "any complaint seeking to obtain a change of legal custody . . . [of a minor child] . . . shall be brought as a separate action in the county of residence of the legal custodian of the child." It is noted in subparagraph (b) of Code Ann. § 24-304b, supra, that "[a] complaint by the legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action" in compliance with Code Ann. § 2-4306 (Constitution of 1976, Art. VI, Sec. XIV, Par. VI) which recites that civil cases seeking the type relief in the case sub judice "shall be tried in the county where defendant resides." *Munday v. Munday,* 152 Ga. App. 232, 233, supra, holds that custody includes visitation rights. Under Code Ann. § 24-303b, supra, defining legal custodian, the father would not be the legal custodian while exercising visitation rights unless the visitation was for the majority of the time. The proceeding here was clearly a "motion" seeking modification of visitation rights in a case involving a final decree of divorce and custody dated October 26, 1979. In nowise can it be considered a new petition inasmuch as the judge's final order shows the trial court was without jurisdiction of the "plaintiff" (the would-be defendant) as the legal custodian of the child.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 9, 1980 — DECIDED OCTOBER 30, 1980.

*Guy B. Scott, Jr.,* for appellant.
*Jesse Copelan, Jr.,* for appellee.