64392, 64393. PRUITT v. HOOKS; and vice versa.

CARLEY, Judge.
Appellant-cross-appellee Pruitt is the father of a child who was illegitimate at birth. Appellee-cross-appellant Hooks is the child's mother. Pursuant to Code Ann. § 74-103 Pruitt petitioned the

Superior Court of White County to legitimate the child. Ms. Hooks, who was a non-resident of White County, was given notice of the petition. Ms. Hooks filed a response admitting all of the allegations of the petition, including the averment that the child resided with Pruitt in White County, and raised no objection whatsoever to legitimating the child. In addition, Ms. Hooks' response to Pruitt's petition asserted that "she should have permanent custody" and prayed "that she be granted permanent custody of the said child . . ." After Ms. Hooks' response and prayer for "permanent custody" had been filed, Pruitt amended his petition to include his own prayer for permanent custody of the child. To Pruitt's amendment seeking custody, Ms. Hooks then filed an answer. Ms. Hooks' answer to the amended petition raised the affirmative defense of res judicata and also asserted that the amendment seeking permanent custody "should be dismissed because [the Superior] Court [of White County] lacks both jurisdiction and venue to hear this said request for custody."

A hearing on Pruitt's amended petition was held. There being no objection to legitimating the child, the trial court entered an appropriate order declaring the child to be legitimate. With reference to the custody issue, the trial court denied Ms. Hooks' motion to dismiss because she "had submitted herself to the jurisdiction and venue of this Court by her answer in this action . . ." The trial court, however, sustained Ms. Hooks' res judicata defense to Pruitt's prayer for custody of the child.

Both Pruitt and Ms. Hooks petitioned this court for discretionary appeals from the trial court's order. Both petitions were granted. In case no. 64392, Pruitt appeals from the ruling of the trial court sustaining the res judicata defense to his prayer for custody of the child. In case no. 64393, Ms. Hooks appeals from the trial court's denial of her motion to dismiss Pruitt's amendment seeking custody of the child.

### Case No. 64393

1. Because the cross-appeal raises the threshold issue of whether the question of permanent custody was properly before the Superior Court of White County, we turn first to that appeal.

"[A]fter a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of said child shall be brought as a separate action in the county of residence of the legal custodian of the child." Code Ann. § 24-304b (a). " 'Legal custodian' means a person (including, but not limited to, a parent) who has been awarded permanent custody of a child by a court order . . ." Code Ann. § 24-303b (a). In the instant case it

appears, and the trial court implicitly found, that Ms. Hooks had previously been adjudged the "legal custodian" of the child in a habeas corpus proceeding. See generally *Blakemore v. Blakemore,* 217 Ga. 174 (121 SE2d 642) (1961). It is essentially Pruitt's position, apparently shared by the trial court, that when Ms. Hooks, a non-resident of White County, responded to the petition to legitimate and raised the "separate and distinct" issue of permanent custody (*Bennett v. Day,* 92 Ga. App. 680 (3) (89 SE2d 674) (1955)), she waived any objections to Pruitt's subsequent amendment to his petition seeking permanent custody. "Where a nonresident voluntarily institutes a suit in a county in this State he submits himself, for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending. [Cit.]" *Biddinger v. Fletcher,* 224 Ga. 501, 504 (162 SE2d 414) (1968).

In order to determine whether Ms. Hooks waived the provisions of Code Ann. § 24-303b (a) when she filed her response to Pruitt's petition in White County we must consider the provisions of Code Ann. § 24-304b (c): "*No complaint [seeking to obtain a change of legal custody] . . . shall be made* as a counterclaim or in any other manner in response to a petition for writ of habeas corpus seeking to enforce a child custody order, or *in response to any other action or motion seeking to enforce a child custody order.*" (Emphasis supplied.) As noted above, when Ms. Hooks filed her response to the petition to legitimate and asserted that she "should have" permanent custody, she had apparently *already* been adjudged to be the legal custodian of the child. Bearing in mind that that judicial determination had already been made and that Ms. Hooks admitted the averments of Pruitt's petition that the child lived with him in White County, Ms. Hooks' assertions and prayers for "permanent custody" of the child contained in her response to Pruitt's petition can be construed only as an "action or motion seeking to enforce a child custody order." As such, Code Ann. § 24-304b (c) would bar Pruitt's amendment seeking a change of legal custody. Such an amendment would be, in effect, a complaint made "in response to [an] action or motion seeking to enforce a child custody order" and therefore violative of Code Ann. § 24-304b (c). It is clear that the provisions of Code Ann. § 24-304b provide venue and personal jurisdiction defenses to those against whom child custody actions are brought. See generally *Munday v. Munday,* 152 Ga. App. 232 (262 SE2d 543) (1979); *Seymour v. Seymour,* 156 Ga. App. 293 (274 SE2d 690) (1980). As soon as Pruitt amended his petition to seek a change of child custody, Ms. Hooks asserted those defenses and moved to dismiss. The trial court erred in failing to grant her motion. *Munday,* 152 Ga. App. 232, supra; *Seymour,* 156 Ga. App. 293, supra.

### Case No. 64392

2. For the reasons discussed in Division 1 of this opinion, the trial court erred in failing to grant Ms. Hooks' motion to dismiss Pruitt's amendment seeking a change of child custody. Accordingly, any determination whether the trial court erred in a decision on the merits of that issue is unnecessary.

*Appeal in case no. 64392 dismissed. Judgment in case no. 64393 reversed. Quillian, C. J., and Shulman, P. J., concur.*

Decided October 15, 1982.

*M. Lynn Young,* for appellant.
*Charles Smith,* for appellee.