### A92A0666. DAUST v. DAUST.
(418 SE2d 409)

JOHNSON, Judge.

This court granted Sylvia Daust's application for interlocutory appeal in order to review the trial court's order denying her motion to dismiss a child custody case for lack of jurisdiction and improper venue. The case began as a contempt proceeding arising out of a divorce awarded in DeKalb County in 1987. Two contempt proceedings

were filed, but only the second is relevant to this appeal. This second contempt petition was filed on August 24, 1989. The response from Timothy Daust included a request for a modification of visitation and for other relief. The trial court ordered a temporary change in visitation on June 14, 1990. Subsequently, the appellee filed a "motion to change custody." It is not disputed that this motion was a part of the contempt case and not a separate action. The trial court subsequently entered two consent orders which changed the custody arrangements of the minor children of the parties. The first of these was entered on December 7, 1990, and the second on December 17, 1990. A guardian ad litem was appointed to represent the interests of the children. On January 23, 1991, the trial court entered an emergency order which also dealt with matters related to custody of the children. Some six months later, at a hearing initiated by the court, appellant made an oral motion to dismiss the appellee's motion for a change of custody, alleging that DeKalb County was not the proper venue for that action and that the court lacked jurisdiction. The trial court denied the motion to dismiss in an order entered June 19, 1991.

The appellant's sole enumeration of error is that the trial court erred by denying her motion to dismiss. We disagree. In its order denying the motion to dismiss, the trial court acknowledged the general rule that an action for contempt cannot be the vehicle used by a respondent to modify custody. See Georgia Child Custody Intrastate Jurisdiction Act of 1978, codified in OCGA § 19-9-20 et seq. The trial court further acknowledged the principle that actions for custody are to be brought in the county of residence of the legal custodian. Appellant was the legal custodian of the minor children *and* a resident of DeKalb County at the time she filed the contempt action. The only evidence in the record regarding her residence at subsequent stages of the proceedings is the recital of the trial court in its order. There it is indicated that she moved first to Fulton County then to Cobb County at some point before the court entered its first order regarding custody on December 7, 1990. Since Sylvia Daust was a DeKalb County resident at the time the original action was filed, the preferred procedural approach in this case would have been for the respondent, Timothy Daust, to have filed a separate action in DeKalb County seeking a change in custody and then to move for consolidation of the two cases. By taking these steps, Timothy Daust would have eliminated any possible jurisdictional challenge. Nonetheless, it is clear from the facts of this case that Sylvia Daust's conduct in entering into consent orders regarding custody has effectively waived any defense which she may have raised. OCGA § 9-12-23 expressly provides that "[t]he consent of the parties to a judgment has the effect of removing any issuable defenses. . . ." There being no showing of fraud or mistake, she cannot now complain. *Venture Design v. Original Ap-*

*palachian Artworks*, 197 Ga. App. 432, 435 (398 SE2d 781) (1990); *LeTwigge, Ltd. v. Wammock & Co.*, 187 Ga. App. 446, 448 (370 SE2d 631) (1988). This court is mindful of the provisions of OCGA § 19-9-23 and this ruling is not intended to be an attempt to abrogate the general rule established in *Hammontree v. Hammontree*, 186 Ga. App. 819 (368 SE2d 576) (1988) prohibiting counterclaims for modifications of custody actions in actions for contempt. We find only that in this particular case there was a valid waiver of jurisdiction.

The defenses of lack of personal jurisdiction and improper venue clearly may be waived, even in child custody cases. *Lanning v. Lanning*, 245 Ga. 19 (262 SE2d 788) (1980); *Hopkins v. Hopkins*, 237 Ga. 845, 847 (229 SE2d 751) (1976). See also *Pruitt v. Hooks*, 163 Ga. App. 892 (296 SE2d 193) (1982). Having fully participated in the process leading up to the trial court's orders regarding custody, even consenting to the first two such orders, the appellant has waived her defenses of lack of jurisdiction and improper venue. The trial court did not err in denying her motion to dismiss.

Lest our holding in this case be construed as somehow conflicting with or undermining the Georgia Child Custody Intrastate Jurisdiction Act of 1978, as codified in OCGA § 19-9-20 et seq., we emphasize that our holding is limited to cases having facts substantially the same as in this case. The matters which could have properly been considered by the trial court under that act were not even raised by the appellant until more than six months after she had consented in two orders modifying custody and after the trial court had found that emergency action was required in order to protect the best interests of the minor children of the parties.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 16, 1992.

*N. Lee Presson, Mary P. Schildmeyer*, for appellant.
*Susan B. Ellis, Rich, Bass, Kidd & Witcher, R. Hopkins Kidd*, for appellee.