A94A0288, A94A0563. HOUSTON v. BROWN (two cases).
(443 SE2d 3)

BIRDSONG, Presiding Judge.

We granted these discretionary appeals to determine whether the Columbia Superior Court erred in denying appellant Courtney Houston's belated motion to dismiss a counterclaim in an action for modification of child visitation and erred in entering a subsequent protective order enforcing its judgment in favor of the counterclaim. The modification petition was filed by appellant Houston in Columbia County, the county of his former wife's residence.

Both parties were awarded legal custody by the divorce decree. Appellee mother Tina Brown continued to live in Columbia County, while appellant Houston moved his residence at least twice. Appellant Houston did not move to dismiss appellee Brown's counterclaim until a year after the trial court's full hearing on the merits and ten months after a temporary order was issued. A motion to dismiss the counterclaim was filed before final order issued. The Columbia County court ruled favorably to the counterclaim. *Held:*

OCGA § 19-9-23 (a), (c) (2) provides that a complaint by a legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action in the county of the defendant's residence in compliance with Art. VI, Sec. II, Par. VI, and shall not be made as a counterclaim in response to an action or motion seeking to enforce a child custody order. These provisions are mandatory, but they are venue provisions and may be waived. *Lanning v. Lanning*, 245 Ga. 19 (262 SE2d 788); *Hopkins v. Hopkins*, 237 Ga. 845, 847 (229 SE2d 751). In the peculiar and limited circumstances of this case, as in *Daust v. Daust*, 204 Ga. App. 29 (418 SE2d 409), we find that appellant father waived his defense to lack of venue by failing to file a motion to dismiss in a timely and expeditious manner. Waiver of venue defenses is permitted (albeit grudgingly; see *Daust*) in these

cases despite the strong language of OCGA § 19-9-23; the particular reason for appellant's failure to file a motion to dismiss does not mitigate the court's consideration of the best interest of the children. Appellant's failure to file a timely motion to dismiss has caused this custody battle to go on long enough.

*Judgments affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 9, 1994 —
RECONSIDERATION DENIED APRIL 6, 1994 —

*Loftiss, Van Heiningen & Ward, Walter E. Van Heiningen*, for appellant.

*Susan M. Reimer, Duard R. McDonald*, for appellee.