## S09A1854. HAROLD v. HAROLD.
### (686 SE2d 123)

THOMPSON, Justice.

Susan and Randall Harold were married in 2003. In 2008 Susan (wife) filed an action for divorce and Randall (husband) timely filed an answer and counterclaim for divorce. After wife failed to respond to husband's discovery requests, husband filed a motion to compel, which the trial court granted. Wife failed to provide discovery responses in compliance with the trial court's motion to compel order and husband moved for sanctions and a default judgment against wife. On January 30, 2009, the trial court granted husband's motion for sanctions and entered a final judgment and decree striking wife's complaint for divorce and granting a divorce to husband on his counterclaim. Two months later, wife moved to set aside the final default judgment on the ground that it was the actions of her prior counsel, not her, that led to entry of the judgment. The court granted the motion to set aside default judgment but certified its order for immediate review pursuant to OCGA § 5-6-34 (b). Husband's application for interlocutory appeal followed, which we granted to determine whether the trial court erred in setting aside the divorce judgment pursuant to OCGA § 9-11-60 (d) (2) on the sole basis that wife's "prior attorneys simply failed to send discovery responses to opposing counsel despite having been given ample time without her actual or constructive knowledge."

Although we granted husband's application to determine the

propriety of the trial court's order setting aside the final judgment, a condition precedent to that determination is the existence of a valid judgment. OCGA § 19-5-8 provides that "[n]o verdict or judgment by default shall be taken" in actions for divorce, alimony or child custody. See *Brown v. Brown*, 271 Ga. 887, 888 (525 SE2d 359) (2000); *Jolley v. Jolley*, 216 Ga. 51, 52 (114 SE2d 534) (1960). Thus, notwithstanding the trial court's stated reason for setting aside its final judgment, we will affirm the order setting aside that judgment under the right for any reason rule if in fact the trial court was setting aside an unauthorized default judgment. See *Schwartz v. Schwartz*, 275 Ga. 107, 109, n. 5 (561 SE2d 96) (2002) (this Court will affirm judgment of lower court if right for any reason, even if it is based on erroneous reasoning).

The record in this case reflects that after wife failed to comply with the court's discovery order, husband filed a "motion for sanctions and default judgment." Ruling on that motion, the court entered a final judgment and decree "granting a divorce to [husband] on his counterclaim, having stricken [wife's] complaint for divorce," and specifically holding that "an order striking [wife's] pleadings and granting a default judgment is authorized" because wife failed to provide discovery responses.[1] In response to wife's motion to set aside the final default judgment, the trial court determined its "default judgment" must be set aside. Contrary to husband's argument, we find nothing in the record or the language of the trial court's January 30, 2009 judgment suggesting that the court was entering a judgment on the pleadings.[2] Rather, the unambiguous language of the court's orders indicates the trial court's intent to enter, and subsequently set aside, a default judgment contrary to the statutory prohibition found in OCGA § 19-5-8. Accordingly, we hold the January 30, 2009 final judgment constitutes an unauthorized default judgment and wife's motion to set aside was properly granted.

*Judgment affirmed. All the Justices concur.*

---

[1] We note that while a trial court cannot, under any circumstances, grant a default judgment in a divorce case, it can grant sanctions for discovery abuse, including the striking of pleadings. See *Bayless v. Bayless*, 280 Ga. 153, 156 (1), n. 6 (625 SE2d 741) (2006).

[2] Although a trial court may be authorized, in the proper circumstances, to enter a final judgment in a divorce action without holding an evidentiary hearing, it is not under any circumstances authorized to enter a default judgment. See OCGA § 19-5-8 (requiring that allegations of the pleadings be established to satisfaction of court by the verified pleadings, by affidavit, by evidentiary hearing, or otherwise as provided in OCGA § 19-5-10); OCGA § 19-5-10 (a) (evidentiary hearing for determination of issues in divorce action is authorized but not required and the determination of the issues "may be made upon the verified pleadings of either party, one or more affidavits, or such other basis or procedure as the court may deem proper in its discretion.").

DECIDED NOVEMBER 9, 2009.

Bovis, Kyle & Burch, Wayne S. Tartline, Melanie M. Norvell, for appellant.

Bell & Washington, Ashley D. Bell, William M. Parrish, for appellee.