S12A0977. ANDERSEN v. FARRINGTON.
(731 SE2d 351)

THOMPSON, Presiding Justice.

Husband and wife were divorced in 2009. There are two children of the marriage. The decree awarded joint custody to the parties, with primary physical custody to wife. Thereafter, husband filed a contempt action in Forsyth County; he also sought a psychological custody evaluation of wife. Wife was living in Forsyth County at that time, and she was served at her residence in that county. Almost four months later, wife filed a "motion to dismiss." She did not challenge personal jurisdiction or venue in that motion. Thereafter, husband appended a motion for change of custody to the contempt action. However, the parties entered into a settlement agreement — to

resolve the custody and contempt issues — which was announced in open court. The parties abided by the settlement agreement for about eight months. Then wife moved to invalidate the agreement and to dismiss the change of custody action, arguing it should have been filed in Fulton County because she moved there at some point while the case was pending. The trial court denied wife's motions, finding that she waived personal jurisdiction and venue defenses. It also awarded husband physical custody of the children, denied wife visitation rights with the children until she underwent and paid for a psychological custody evaluation, and ordered wife to pay child support in the amount of $704 per month. Finally, the trial court found wife in contempt for failing to pay child support in the amount of $3,168 and uncovered medical expenses for the minor children in the amount of $331. Wife sought and we granted this discretionary appeal.

1. Wife asserts husband's motion seeking a change in custody should have been filed in Fulton County, not Forsyth County, because wife had primary physical custody of the children, OCGA § 19-9-22 (2), and she resided in Fulton County when husband sought a custody change. See OCGA § 19-9-23 (a). We disagree. Like the wife in *Daust v. Daust*, 204 Ga. App. 29 (418 SE2d 409) (1992), wife originally lived in the county in which this action was initiated; she moved to another county while the case was pending. Furthermore, as in *Daust*, wife waived any personal jurisdiction and venue defenses by entering into a consent order regarding custody and by waiting many months before asserting these defenses. Although, generally speaking, custody cannot be modified in a contempt action and must be brought as a separate proceeding, *Coker v. Moemeka*, 311 Ga. App. 105, 107 (1) (714 SE2d 642) (2011), this general rule is not applicable where, as here, wife waived these defenses. *Daust*, supra. Compare *Bailey v. Bailey*, 283 Ga. App. 361 (641 SE2d 580) (2007) (consenting to transfer of action containing change of custody counterclaim does not constitute waiver) with *Ganny v. Ganny*, 238 Ga. App. 123, 125 (2) (518 SE2d 148) (1999) (venue of counterclaim for custody waived where no objection raised until closing argument).

2. Contrary to wife's assertion, the trial court did make findings of fact concerning the best interests of the children based upon the evidence adduced below. In this regard, the trial court found that wife failed to pay support to care for the children and even stopped communicating with them. This evidence was sufficient to show new and material conditions affecting the welfare of the children and to authorize a change in custody. OCGA § 19-9-3 (a) (3). See also *Haralson v. Moore*, 237 Ga. 257, 258 (227 SE2d 247) (1976) (appellate court will affirm change of custody if evidence in support of decision is

reasonable). The mere fact that the trial court awarded wife temporary legal and physical custody of the children on two previous occasions is of no consequence. See generally *Hill v. Rivers*, 200 Ga. 354, 357 (37 SE2d 386) (1946) (judgment awarding custody is "not conclusive, except as to the status existing at the time of its rendition").

3. Although it is the policy of this state to encourage contact between parents and children, OCGA § 19-9-3, it cannot be said the trial court erred by requiring wife to cover the costs of a psychological custody evaluation before considering how she can best exercise her rights to visit with the children.[1] These are matters which lie within the discretion of the trial court, *Edwards v. Edwards*, 237 Ga. 779 (229 SE2d 632) (1976), which can, therefore, impose reasonable restrictions upon visitation as the circumstances may require. We find no abuse of discretion in light of the evidence and circumstances in this case. Compare *Price v. Dawkins*, 242 Ga. 41, 42-43 (2) (247 SE2d 844) (1978) ("visitation rights should not be made to depend upon whether or not child support or alimony has been paid").

4. The trial court did not rule in favor of husband and against wife simply because wife failed to appear at the hearing; it did not enter a default judgment against wife. Compare *Harold v. Harold*, 286 Ga. 175 (686 SE2d 123) (2009), in which husband sought, and trial court erroneously granted, a default judgment against wife in violation of OCGA § 19-5-8.

5. Even if it can be said that the trial court erred by proceeding without the filing of a domestic relations case information form, see OCGA §§ 19-9-1.2, 19-9-3 (h), the error was harmless.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012 —
RECONSIDERATION DISMISSED OCTOBER 29, 2012.

*Victoria A. Andersen*, for appellant.
*Tera Reese-Beisbier*, for appellee.

---

[1] Although the trial court previously ordered both parties to participate in a psychological custody evaluation and to share the expenses of the evaluation equally, wife failed to comply with the court's order.