**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

October 30, 2012

# In the Court of Appeals of Georgia

A12A0816. RICHARDSON v. GILBERT et al.

BARNES, Presiding Judge.

We granted the defendant's application for interlocutory appeal of the trial court's order granting the plaintiff's motion to transfer venue in this wrongful death medical malpractice case. Because the defendant waived her venue defense, the plaintiff could not require the trial court to transfer the case to the county where the defendant resided when suit was filed. Accordingly, we reverse.

Cherryl Gilbert filed this action against eleven defendants in Fulton County in November 2003.[1] In 2008, the trial court granted summary judgment to Tenet Healthcare Corporation, the only defendant that was a "resident" of Fulton County

---

[1]This court previously addressed the sufficiency of Gilbert's expert affidavits and the legal standard used to determine her diligence in serving the defendants in *Tenet Healthcare Corp. v. Gilbert*, 277 Ga. App. 895 (627 SE2d 821) (2006).

for venue purposes. On January 12, 2009, the Fulton County court granted the remaining defendants' motion to transfer venue to Spalding County pursuant to OCGA § 9-10-31 (d).[2]

In August 2009, the Spalding County court entered a discovery scheduling order to which the parties consented, which directed Gilbert to identify her expert trial witnesses by November 2009 and make them available for deposition before January 15, 2010. In November 2009, the trial court granted Gilbert's motion to dismiss three defendants without prejudice, leaving the action pending against Tenet HealthSystem Spalding, Inc., Spalding Regional Hospital, and Richardson. In April 2010, Richardson moved to dismiss the complaint or in the alternative compel Gilbert to identify her standard of care experts, and two weeks later, the trial court granted Gilbert's motion to dismiss without prejudice Tenet HealthSystem Spalding, Inc. and Spalding Regional Hospital. This left Richardson as the only remaining defendant.

---

[2]"If all defendants who reside in the county in which an action is pending are discharged from liability before or upon the return of a verdict by the jury or the court hearing the case without a jury, a nonresident defendant may require that the case be transferred to a county and court in which venue would otherwise be proper. If venue would be proper in more than one county, the plaintiff may elect from among the counties in which venue is proper the county and the court in which the action shall proceed." OCGA § 9-10-31 (d).

*Id.* In mid-May 2010, Gilbert responded to the motion to dismiss and moved for additional time to find a new expert.

In July 2010, Gilbert moved to transfer venue to Clayton County, arguing that venue was proper only in that county because that is where Richardson resided when the suit was filed in 2003 and she was the only remaining defendant. Richardson opposed the motion, specifically waiving her venue defenses and arguing that she and Gilbert currently lived in Spalding County, all of the professional treatment at issue had occurred in Spalding County, Gilbert voluntarily dismissed the other two Spalding County defendants, and Gilbert did not seek to transfer the case to Clayton County until three months after Richardson filed her motion to dismiss or compel.

In October 2010, the trial court held a hearing on Gilbert's motion to transfer the case to Clayton County, during which Richardson's counsel again stated that Richardson submitted to venue in Spalding County. The court held another hearing in September 2011 on the same issue. In an order issued on October 4, 2011, the court granted Gilbert's motion to transfer, holding, "It appears, following dismissal of Spalding County defendants, that venue is no longer proper in Spalding County, and that venue is proper in Clayton County."

Richardson argues on appeal that Gilbert lacked standing to object to venue or jurisdiction over Dr. Richardson, who had waived those defenses. Gilbert responds that venue was proper in the county where Richardson lived when suit was filed. While venue would be proper in Clayton County because Richardson lived there when Gilbert filed suit in November 2003, our law does not give Gilbert the power to require the court to transfer the case to Clayton County.

A defendant has the right to be tried in her county of residence, Ga. Const. Art. VI, § II, Para. VI, and because service within a reasonable time relates back to the original date of the filing, the defendant's residence when the action was filed is where venue lies. *Franek v. Ray*, 239 Ga. 282, 285-286 (236 SE2d 629) (1977) (venue proper in DeKalb County where defendant lived when custody modification suit filed, even though he moved to Texas before he was served). "If venue would be proper in more than one county, the plaintiff may elect from among the counties in which venue is proper the county and the court in which the action shall proceed." OCGA § 9-10-31 (d). However, if the defendants who reside where an action is pending are discharged from liability, leaving only a nonresident defendant, the *nonresident* may require the court to transfer the case to a county with proper venue. OCGA § 9-10-31 (d).

In this case, the plaintiff sought to require the court to transfer venue to the county of the defendant's residence at the time suit was filed. While venue would be proper in that county, "[p]ersonal jurisdiction and venue are defenses for the defendant to raise, and may be waived, even though properly preserved in the pleadings." (Footnotes omitted.) *Exum v. Melton*, 244 Ga. App. 775, 776 (1) (536 SE2d 786) (2000) (trial court retained jurisdiction to rule on nonresident defendant's motion to dismiss for insufficient service of process even though plaintiffs had dismissed resident defendant). A plaintiff lacks standing to object to jurisdiction or venue over a nonresident defendant who waived his venue defenses. *Fletcher v. Hatcher*, 278 Ga. App. 91, 92 (1) (628 SE2d 169) (2006). Dr. Richardson waived her venue defenses, and therefore the trial court erred in granting Gilbert's motion to transfer the case to Clayton County.

*Judgment reversed. Adams and McFadden, JJ., concur.*