**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

January 30, 2013

# In the Court of Appeals of Georgia

A12A2288. HAMNER v. TURPEN.

BOGGS, Judge.

James Turpen filed a motion for contempt against his ex-wife, Margaret Hamner, alleging that she violated both the terms of the parties' divorce decree and a consent order for custodial modification. Less than a month later, Hamner filed a complaint against Turpen for modification of custody and visitation. Both actions were filed in Gwinnett County Superior Court and later consolidated. At the hearing on these matters, Turpen's counsel moved to transfer venue to Rabun County. The trial court granted the motion, and Hamner now appeals from that ruling. Because Turpen waived any defense of improper venue, the trial court erred in granting the motion, and we reverse.

The record reveals that the 2002 divorce decree, which incorporated the parties' settlement agreement, awarded Turpen and Hamner joint legal and physical custody of their minor child. On March 17, 2010, Turpen filed a pro se motion for contempt and notice of mediation against Hamner in the Gwinnett County Superior Court. Three weeks later, Hamner filed a complaint for modification of custody and visitation. Her complaint, also filed in Gwinnett County, alleged that she and the minor child were residents of Gwinnett County and that Turpen "resides in Okaloosa, Florida." Hamner nevertheless served Turpen at a residence in Rabun County. Turpen filed a pro se answer to the complaint, in which he simply denied the allegation that he resided in Florida. On June 23, 2010, the Gwinnett County Superior Court granted Hamner's motion to consolidate the two actions. On October 4, 2010, counsel entered an appearance on Turpen's behalf.

The trial court held a hearing on the consolidated matters on April 22, 2011. At the outset of the hearing, Turpen's counsel alleged for the first time that venue was improper in Gwinnett County and moved to transfer venue to Rabun County, where he claimed he had resided during the pendency of the action. Turpen stated during the hearing that he had lived in Florida "on and off," and that he had "dual residences," one in Rabun County and one in the state of Florida. He explained further that he had

2

been living regularly in Rabun County since March 25, 2009 and that he had returned to live in Florida in October 2010.

Following the hearing, Turpen filed a brief in support of his oral motion to transfer the action, and Hamner filed a brief in opposition arguing that Turpen waived any defense of improper venue. On May 2, 2012, the trial court granted Turpen's motion to transfer venue to Rabun County.

On appeal, Hamner contends that the trial court was without authority to grant the motion to transfer because Turpen waived any defense of improper venue. We agree. In considering the trial court's ruling on the motion to transfer venue, we "affirm the trial court's findings on disputed factual questions relating to venue if there is any evidence to support them. But we review de novo the trial court's application of the law to undisputed facts." (Citations and punctuation omitted.) *HD. Supply, Inc. v. Garger*, 299 Ga. App. 751 (683 SE2d 671) (2009).

Improper venue is a defense that must be asserted in a responsive pleading or by motion in writing "before or at the time of pleading." OCGA § 9-11-12 (b); see *Gravely v. State of Georgia*, 285 Ga. App. 691, 692-693 (1) (647 SE2d 372) (2007). And "improper venue clearly may be waived, even in child custody cases." (Citations omitted.) *Daust v. Daust*, 204 Ga. App. 29, 31 (418 SE2d 409) (1992); see also

3

*Houston v. Brown*, 212 Ga. App. 834, 834-835 (443 SE2d 3) (1994) (waiver of venue defense permitted despite strong language of OCGA § 19-9-23 governing actions to change legal custody). Indeed OCGA § 9-11-12 (h) (1) (B) provides that the defense of improper venue is waived if neither made by motion nor included in a responsive pleading, as originally filed.

Here, Turpen did not raise the defense of improper venue until the hearing on his contempt action and Hamner's motion to modify custody. Contrary to Turpen's argument on appeal, his pro se general denial to Hamner's allegation that he resided in Florida is insufficient to raise improper venue as a defense. See, e.g., *Orkin Extermination Co. v. Morrison*, 187 Ga. App. 780, 782 (3) (371 SE2d 407) (1988) (general denial to allegation of venue insufficient). And while Turpen argues that as a pro se defendant he is held to less stringent pleading standards, he provided nothing in his answer that could be interpreted as a claim that the action should be heard in Rabun County where he resided. Compare *Coastal Transport v. Tillery*, 270 Ga. App. 135, 136 (1) (605 SE2d 865) (2004) (answer stating as affirmative defense that venue is improper without naming proper county was sufficient to raise issue concerning venue).

4

Because Turpen failed to raise a defense of improper venue either in his answer or a motion to dismiss, the trial court was without authority to grant his motion to transfer the actions to Rabun County. See *In the Interest of H. D. M.*, 241 Ga. App. 805, 808 (3) (527 SE2d 633) (2000) (objection to venue waived where not raised until termination hearing); *Ganny v. Ganny*, 238 Ga. App. 123, 125 (2) (518 SE2d 148) (1999) (objection to venue waived where not raised until closing argument); *Houston*, supra, 212 Ga. App. at 834-835; accord *Richardson v. Gilbert*, ___ Ga. App. ___ (733 SE2d 783) (2012) (trial court erred in granting motion to transfer where party waived venue defenses).

*Judgment reversed. Doyle, P. J. and Andrews, P. J., concur.*