43506. JONES v. JONES.
(352 SE2d 754)

HUNT, Justice.

We granted the father's application for certiorari to the Court of Appeals' decision reversing the trial court's grant of his petition to change custody. *Jones v. Jones*, 178 Ga. App. 794 (344 SE2d 677) (1986). The question presented in this case is whether a noncustodial parent may counterclaim for change of custody in an action brought by the custodial parent, in the court of the noncustodial parent's residence, to modify visitation rights. OCGA § 19-9-23, the controlling statute, provides, in pertinent part:

"(a) Except as otherwise provided in this Code section, after a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child.

"(b) A complaint by the legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state.

"(c) No complaint specified in subsection (a) or (b) of this Code section shall be made:

"(1) As a counterclaim or in any other manner in response to a petition for a writ of habeas corpus seeking to enforce a child custody order; or

"(2) In response to any other action or motion seeking to enforce a child custody order."

The custodial parent, in this case the mother, sought to have the father's visitation rights modified and brought a separate action in the county of residence of the father, the noncustodial parent. This was proper under OCGA § 19-9-23 (a). The father, in filing a counterclaim seeking to change custody, violated two provisions of OCGA § 19-9-23 (a): (1) by failing to bring a separate action to have custody changed, and (2) by failing to bring such an action in the county of residence of the legal custodian of the child. The father's counterclaim was, therefore, improper and the trial court erred by denying the mother's motion that the counterclaim be dismissed. The cases cited by the dissent, *Buckholts v. Buckholts*, 251 Ga. 58 (302 SE2d 676) (1983), and *Ledford v. Bowers*, 248 Ga. 804 (286 SE2d 293) (1982), are inapposite. Neither case involved a violation of OCGA § 19-9-23; in neither case was a change of custody action brought as a counterclaim; in neither case was a change of custody action brought in improper forum. *Buckholts* did not even involve an issue of custody. That case merely held that the husband who brought an action in the wife's county to modify child support submitted to the jurisdiction of that court for purposes of the wife's claim for contempt for the husband's failure to meet his support obligations. In *Ledford*, the husband brought an action to change custody in the appropriate forum, the wife's county, which was the county of the legal custodian, and we held that he could be subjected in that county to a counterclaim for modification of child support. In this case, a counterclaim for change of custody was brought in direct violation of OCGA § 19-9-23. Accordingly, the Court of Appeals' decision, reversing the trial court's denial of the wife's motion to dismiss the husband's counterclaim, is affirmed.

*Judgment affirmed. All the Justices concur, except Smith, Gregory and Bell, JJ., who dissent.*

GREGORY, Justice, dissenting.

I dissent because I believe the considerations of fairness and judicial economy expressed in opinions such as *Buckholts v. Buckholts*, 251 Ga. 58 (302 SE2d 676) (1983); and *Ledford v. Bowers*, 248 Ga. 804 (286 SE2d 293) (1982), require that we sanction the bringing of a counterclaim for change of custody against a petition for change of visitation rights notwithstanding venue may lie elsewhere in the absence of the petition for change of custody. I would rest the decision on the principle that the party seeking a change of visitation rights voluntarily submits to the venue and jurisdiction of the forum for purposes of such a counterclaim.

*Kirbo & Conger, Ben Kirbo,* for appellant.
*J. William Harvey,* for appellee.
*Donald A. Weissman, Neal A. Boortz, Jr.,* amici curiae.