A92A1765. CORRY v. ROBINSON et al.
(427 SE2d 507)

POPE, Chief Judge.

Plaintiff Alvin Corry filed suit against defendants Mary Jane Robinson and an unknown defendant seeking recovery for personal injuries allegedly sustained when the automobile in which he was riding, which was owned by Robinson, was struck by an automobile driven by an unknown driver. Based upon the allegation that a John Doe vehicle was involved in the accident, the plaintiff served State Farm Mutual Automobile Insurance Company ("State Farm") as the alleged uninsured motorist carrier pursuant to OCGA § 33-7-11.

The undisputed facts show that on October 1, 1989, plaintiff Robinson, Thomas Chapman and Marie Chapman were all passengers in Robinson's car traveling from Ft. Payne, Alabama. In Ft. Payne, they had picked up Marie Chapman, who had been living with Jimmy Ray Renfroe. Although they attempted to leave the Ft. Payne area without Renfroe realizing that Marie Chapman was leaving, Renfroe saw them leaving town and began following them. He hit Robinson's car from the rear forcing it to leave the roadway and flip several times. The traffic accident report reveals that when a police officer arrived at the accident scene, Robinson told the officer she was driving the vehicle.

Both Robinson and State Farm filed motions for summary judgment. In support of her motion for summary judgment Robinson filed her affidavit and the affidavit of Thomas Chapman. Both stated that Thomas Chapman rather than Robinson was driving the vehicle at the time of the wreck. Both also averred it was Renfroe who hit Robinson's car from the rear and no other vehicles other than the Robinson and Renfroe vehicles were involved in the collision. State Farm then filed its motion for summary judgment relying on the affidavits of Robinson and Thomas Chapman to establish conclusively that no John Doe vehicle was involved in the collision as alleged by the plaintiff.

Plaintiff filed two affidavits in response to each motion for summary judgment. In one, he stated he was asleep at the time of the collision and the allegations in his complaint were based upon Robinson's statement to the police that she was driving at the time of the accident and an unknown vehicle had blinded her, struck her vehicle and forced it off the road. In that affidavit he further averred that Robinson was the owner of the car in which he was traveling and either was operating it personally or its operation was under her personal control and direction at the time of the wreck. In his second affidavit, plaintiff averred he could not respond properly to the motions for summary judgment filed by the defendants until discovery has been completed and depositions taken. Plaintiff moved to amend his complaint to add the allegation that even if Robinson was not operating the vehicle she was present in the vehicle and was exercising control over the vehicle at the time of the wreck. Plaintiff also moved to add Renfroe as a defendant and to amend the complaint to plead alternatively that either an unknown John Doe or Jimmy Ray Renfroe blinded the driver of the vehicle in which plaintiff was riding and struck said vehicle causing plaintiff's injuries.

On January 7, 1992, Robinson filed another affidavit in which she averred she was not operating her vehicle at the time of the wreck and that she told the investigating officer she was driving at the time of the wreck because she was advised by Thomas Chapman and plain-

tiff "that if I admitted to the officer that Thomas Chapman was driving, it would cause me more problems than I already had." She also averred she was not exercising any control over the vehicle at the time of the wreck and there was no reason for her to exercise control at that time.

On January 16, 1992, the trial court granted State Farm's motion for summary judgment. On January 17, 1992, the trial court granted Robinson's motion for summary judgment. Plaintiff appeals.

1. The trial court properly granted State Farm's motion for summary judgment. Both Robinson and Chapman averred that Renfroe struck the Robinson vehicle causing the vehicle to leave the roadway. "When a motion for summary judgment is made and supported an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial. If [he] does not so respond, summary judgment, if appropriate, shall be entered against [him]." (Citations and punctuation omitted.) *Dickey v. Harden*, 202 Ga. App. 645, 648 (414 SE2d 924) (1992). Plaintiff admits he was asleep at the time of the wreck so he would have no personal knowledge of how the collision occurred and cannot controvert the evidence offered by Chapman and Robinson concerning how the collision occurred. The police report attached to plaintiff's affidavits does not offer support for the assertion that an unknown driver caused the collision, because the only mention in the report of a second car is that the driver of the vehicle in which plaintiff was riding was blinded by the headlights of a vehicle following her car. The only other person who would have knowledge of whether an unknown motorist caused the wreck is Marie Chapman, the fourth occupant of the vehicle in which plaintiff was riding. Plaintiff knew Marie Chapman had knowledge of the wreck and did not submit any evidence that she believed an unknown driver caused the wreck. Because plaintiff was asleep at the time of the wreck and he submitted no evidence from anyone who would have knowledge that an unknown driver caused the wreck, the trial court properly granted State Farm's motion for summary judgment.

2. It does not follow, however, that the trial court properly granted Robinson's motion for summary judgment. It is clear from the trial court's order granting Robinson's motion for summary judgment that it considered the second affidavit of Robinson filed in support of her motion for summary judgment on January 7, 1992, only ten days before the trial court granted her motion for summary judgment. "OCGA § 9-11-56 (c)[,] which requires that a motion for summary judgment be served at least 30 days before the time fixed for a hearing, and OCGA § 9-11-6 (d)[,] which requires that '(w)hen a motion is supported by affidavit, the affidavit shall be served with the

motion,' have been construed together to mean that an affidavit relied on in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing." *Gunter v. Hamilton Bank &c.*, 201 Ga. App. 379, 381 (411 SE2d 115) (1991). Accord *Porter Coatings v. Stein Steel & Supply Co.*, 247 Ga. 631 (278 SE2d 377) (1981). Although the strict requirements of the statutes may be "waived by the opposing party's acquiescence in the use of the untimely materials, or if the movant seeks and obtains an order from the trial court under OCGA § 9-11-6 (b) extending the time for filing[,]" *Gunter*, 201 Ga. App. at 381, neither of these factors is present in this case. Nor do we accept the argument that Robinson's second affidavit merely explained her first affidavit. Robinson's second affidavit contained new averments concerning her lack of control over Chapman, the alleged driver of the vehicle, which were specifically relied upon by the trial court. Accordingly, we hold the trial court improperly relied upon Robinson's second affidavit in granting her motion for summary judgment.

3. Plaintiff posits the trial court erred by failing to delay ruling on both motions for summary judgment until after defendants responded to discovery. OCGA § 9-11-56 (b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Thus, it is not unusual for discovery to be ongoing at the time summary judgment motions are filed and/or ruled upon. Although the defendants failed to make a timely response to the interrogatories and request for production of documents filed by plaintiff with his complaint, plaintiff did not move to compel the defendants to respond to the discovery requests nor did plaintiff seek to schedule depositions to aid in discovery in this case. Furthermore, plaintiff did not file a proper request for the trial court to defer ruling on the pending motions for summary judgment since plaintiff's only request was by a statement contained in an affidavit. A party cannot fail to exercise his legal remedies to compel discovery and/or to file a proper motion to request additional time to complete discovery and allege as error that the trial court failed to defer ruling on pending motions until either the other parties decide to respond to discovery or the party filing the discovery decides to utilize his legal remedies.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Johnson, J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, plaintiff argues that this court should reconsider its prior opinion because the trial court erred by

failing to rule on plaintiff's motion to add Jimmy Ray Renfroe as a party before granting defendants' motions for summary judgment. This argument is without merit. This court is a court for the correction of errors. This motion remains pending before the trial court for decision. Until the trial court rules upon the pending motion, there is nothing concerning that motion that is properly before this court for review. *Glover v. First Nat. Bank of Paulding County*, 207 Ga. App. 231 (427 SE2d 520) (1993).

Furthermore, that argument was raised within the enumeration of error in which the plaintiff argued "[t]he trial court erred in failing to continue the consideration of the Defendants' motions for summary judgment until Defendants responded to discovery." This argument exceeds the scope of that enumeration of error since it does not concern a discovery response.

DECIDED JANUARY 4, 1993 —
RECONSIDERATION DENIED JANUARY 26, 1993 — 

*Richard Phillips*, for appellant.

*Zorn & Caldwell, William A. Zorn, Jerry W. Caldwell, Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner*, for appellees.