## A99A2210. ROACH v. KAPUR.
(524 SE2d 246)

McMURRAY, Presiding Judge.

This Court granted an interlocutory appeal in this case from the superior court's order denying appellant-plaintiff mother's motion to dismiss or transfer appellee-defendant father's counterclaim for custody of the parties' minor child. The question presented is whether the father, in this case the noncustodial parent, may counterclaim for change of custody in an action for modification and contempt brought by the mother/custodial parent in the father's place of residence. *Held*:

OCGA § 19-9-23 pertinently provides:

(a) Except as otherwise provided in this Code section, after a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child. (b) A complaint by the legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state. (c) No complaint specified in subsection (a) or (b) of this Code section shall be made: (1) As a counterclaim or in any other manner in response to a petition for a writ of habeas corpus seeking to enforce a child custody order; or (2) In response to any other action or motion seeking to enforce a child custody order.

The record reflects that the mother originally brought her action for contempt and modification in Walker County. The father filed his answer and motion to dismiss asserting, among other things, that proper venue was in Whitfield rather than Walker County. The mother agreed, and the matter was transferred to Whitfield County. Thereafter, the father amended his answer to counterclaim seeking sole legal custody of the child. As in *Jones v. Jones*, 256 Ga. 742 (352 SE2d 754), however, the father's counterclaim seeking a change in custody violated OCGA § 19-9-23 (a): "(1) by failing to bring a separate action to have custody changed, and (2) by failing to bring such

an action in the county of residence of the legal custodian of the child." Id. at 743. See also *In the Interest of S. K. R.*, 229 Ga. App. 652, 653 (494 SE2d 558) ("[A] petition to change custody must be brought as a *separate* action in the county where the custodial parent resides.") (emphasis in original). The father's counterclaim was therefore improper, and the superior court erred in denying the mother's motion that the counterclaim be dismissed or transferred to Walker County.

*Judgment reversed and remanded. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 28, 1999 — 

*Amy A. Petulla*, for appellant.

*Coppedge & Leman, Warren N. Coppedge, Jr., David L. McGuffey*, for appellee.