S00G0324. KAPUR v. ROACH.

(534 SE2d 420)

HUNSTEIN, Justice.

A final decree of divorce was entered in Walker County in 1993 awarding joint legal custody of the minor child to the parties, Patti Roach and Raj Kapur. The wife was awarded physical custody and the husband had reasonable visitation privileges. In June 1998, the wife filed a complaint for contempt in Walker Superior Court and also petitioned for sole custody of the child. Although the wife resided in Walker County, the husband had moved to Whitfield County. The husband answered and filed a motion to dismiss asserting improper venue. The case was transferred by agreement to Whitfield County. The husband thereafter amended his answer by adding a counterclaim for sole custody. The wife sought to have the counterclaim dismissed or transferred to her county of residence pursuant to OCGA § 19-9-23 (a) because the husband's claim seeking changed custody was not brought as a separate action in the county where she resided. The trial court denied the wife's motion. The Court of Appeals reversed, *Roach v. Kapur*, 240 Ga. App. 558 (524 SE2d 246) (1999), and we granted certiorari to the husband to consider whether the wife's raising of the custody issue in her suit against him constituted a waiver of venue-based objections premised on OCGA § 19-9-23. Finding that it does not, we affirm.

OCGA § 19-9-23 (b) of the Georgia Child Custody Intrastate Jurisdiction Act provides that "[a] complaint by the legal custodian seeking a change of legal custody . . . shall be brought as a separate action" in the county where the defendant resides. See also Ga.

Const. of 1983, Art. VI, Sec. II, Par. VI (all civil cases shall be tried in county where defendant resides). Hence, transfer of the petition to change custody to the husband's county of residence was proper. Conversely, pursuant to OCGA § 19-9-23 (a) of the Act, after a court determines who is to be the legal custodian of a child,[1] any complaint by a noncustodian seeking to change legal custody must be brought as a separate action in the county of residence of the legal custodian. OCGA § 19-9-23 (a). See, e.g., *Jones v. Jones*, 256 Ga. 742 (352 SE2d 754) (1987). This statute was enacted by the Legislature to curtail the practice criticized in *Matthews v. Matthews*, 238 Ga. 201 (232 SE2d 76) (1977) allowing the noncustodial parent to relitigate custody in his own jurisdiction. See McConaughey, Ga. Divorce, Alimony and Child Custody (1999 ed.), § 21-1. Georgia law also provides that a complaint seeking to obtain a change of legal custody as set forth in OCGA § 19-9-23 subsections (a) or (b) cannot be made as a counterclaim. OCGA § 19-9-23 (c) (1). *Jones v. Jones*, supra at 256 Ga. 742; *In the Interest of S. K. R.*, 229 Ga. App. 652 (494 SE2d 558) (1997).

The husband argues that the mandatory provisions of OCGA § 19-9-23 (a) and (c) were effectively waived by the wife's consent transfer of her case, including her claim for a change in custody, to his county of residence. The husband contends that the wife's conduct in entering into the consent transfer order constitutes the limited circumstance under which the general rule prohibiting counterclaims for custody modifications can be waived. See *Ledford v. Bowers*, 248 Ga. 804 (2) (d) (286 SE2d 293) (1982). This is not a situation where venue was conferred by consent. *Williams v. Williams*, 259 Ga. 788 (387 SE2d 334) (1990) relied on by the husband is distinguishable in that it involved an affidavit which included a clear waiver of any objection to venue. Furthermore, this is not a circumstance where a party participated in and acquiesced to the process leading up to the entry of multiple custody orders by the trial court and then sought to raise an untimely venue-based objection. Compare *Ganny v. Ganny*, 238 Ga. App. 123 (518 SE2d 148) (1999); *Daust v. Daust*, 204 Ga. App. 29 (418 SE2d 409) (1992).

Because the outcome urged by the husband ignores the clear mandate of the statute regarding counterclaims, we affirm the Court of Appeals' holding reversing the trial court's denial of the wife's motion to dismiss or transfer the counterclaim by the husband.

*Judgment affirmed. All the Justices concur.*

---

[1] A legal custodian is a person who has been awarded permanent custody of the child by court order. OCGA § 19-9-22 (2).

DECIDED SEPTEMBER 11, 2000.

*Coppedge, Leman & Ward, Warren N. Coppedge, Jr., David L. McGuffey*, for appellant.
*Amy A. Petulla*, for appellee.