A00A1286. U. S. TRAFFIC CORPORATION v. TURCOTTE.
(539 SE2d 884)

ANDREWS, Presiding Judge.

U. S. Traffic Corporation (USTC) appeals from the trial court's grant of partial summary judgment to Ronald Turcotte, claiming among others, that the trial court erred in accepting an amended motion for summary judgment and supplemental affidavit in support of the motion. Turcotte filed the amended motion and affidavit less than 30 days before the hearing, and the trial court accepted them without continuing the hearing and without extending USTC's time to respond. Because the court was required to allow USTC 30 days in which to respond to the amended motion, we reverse.

This case arose when Turcotte sued USTC claiming it was in default on a promissory note. The promissory note provided that USTC would pay Turcotte $7,500 a month for 36 months. The note stated that it was given in connection with and in consideration of Turcotte's performance of his noncompete obligations as set forth in the settlement agreement.

USTC raised several defenses and counterclaimed for breach of contract; breach of express representations, warranties, and covenants; breach of good faith and fair dealing; fraudulent inducement and procurement; fraudulent suppression and deceit; and set-off and/ or recoupment. USTC claimed that Turcotte had made numerous representations which were untrue, thereby fraudulently inducing it to enter into the settlement agreement.

Turcotte moved for summary judgment, claiming that USTC's defenses and counterclaims were barred by a release agreement executed at the same time as the settlement agreement. The trial court granted Turcotte's motion only as to the defenses or counterclaims of bad faith, unclean hands, and fraud in the inducement, finding they were barred by the release agreement. This appeal followed.

1. We first address USTC's argument that Turcotte waived the affirmative defense of release because it was not asserted in a responsive pleading to the counterclaim. USTC cites to no authority for this proposition and overlooks controlling case law that is directly contrary. Turcotte was not required to answer USTC's counterclaim and could assert the defense at trial or at summary judgment without a responsive pleading. *Jones v. Conlin*, 171 Ga. App. 346 (320 SE2d 188) (1984).

2. Next, USTC claims the trial court erred in granting Turcotte's

motion for partial summary judgment because his amended motion and second affidavit were not served at least 30 days before the hearing date as required by OCGA § 9-11-56 (c). We agree.

The hearing on Turcotte's motion was set for November 12, 1999. On November 5, Turcotte filed an amended motion with a second affidavit. This affidavit was nine pages long with numerous exhibits attached. USTC filed a written motion for a continuance and also pointed out to the court at the hearing that they received the affidavit just five days before and had not had time to respond. Nevertheless, the trial court did not continue the hearing and did not give USTC additional time to respond.

OCGA § 9-11-56 (c) requires that a motion for summary judgment be served at least 30 days before the time fixed for a hearing. In addition, an affidavit relied on in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing. *Corry v. Robinson*, 207 Ga. App. 167, 170 (427 SE2d 507) (1993); *Gunter v. Hamilton Bank &c.*, 201 Ga. App. 379, 381 (411 SE2d 115) (1991). Furthermore, the filing requirement is not waived unless the opposing party acquiesces in the use of the untimely materials or the party seeking to file a late affidavit seeks and obtains an extension from the court pursuant to OCGA § 9-11-6 (b) to extend the time for filing. *Pierce v. Wendy's Intl.*, 233 Ga. App. 227, 229 (504 SE2d 14) (1998); *Hershiser v. Yorkshire Condo. Assn.*, 201 Ga. App. 185 (410 SE2d 455) (1991). Here, USTC did not acquiesce and Turcotte did not seek an extension.

It is reversible error to enter an order without allowing the nonmoving party 30 days in which to respond unless it is apparent from the record that the nonmoving party's defenses to the motion are wholly meritless and frivolous. *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319, 321 (309 SE2d 147) (1983). Compare *Larraga v. Aetna Cas. &c. Co.*, 222 Ga. App. 654, 655 (475 SE2d 649) (1996) (party was not harmed by trial court's abrogation of response period because it was apparent from the record that claim was barred by Workers' Compensation Act's exclusive remedy provision); *Pierce*, supra at 229-230 (apparent from record that there was no evidence on essential element of plaintiff's claim).

In this case, we are unable to conclude from the record that USTC's defenses to Turcotte's motion were frivolous or meritless. Therefore, the trial court erred in ruling on Turcotte's summary judgment motion without extending the time for USTC to file a response.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED SEPTEMBER 28, 2000.

*Rogers & Hardin, Robert A. Parker, Jr., Daniel D. Zegura,*

*Jonathan B. Butler*, for appellant.
        *James W. McKenzie, Jr.*, for appellee.