A06A0843. SEELEY v. SEELEY.
(638 SE2d 837)

ELLINGTON, Judge.

Following the grant of his application for discretionary review, Kirk DeYoung Seeley ("the father") appeals from an order of the Superior Court of Gwinnett County that modified a prior custody order by placing primary physical custody of Seeley's daughter with his former wife, Kerol Dianne Seeley ("the mother"). The father contends the trial court erred in denying his motion to dismiss the mother's counterclaim pursuant to OCGA § 19-9-23 and in finding that the evidence was sufficient to support a modification of physical custody. Because we find the trial court erred by denying the father's motion to dismiss, we vacate the trial court's order and remand this case to the trial court for a hearing on the father's complaint only.

1. In his first enumeration of error, the father contends the trial court erred in permitting the mother to seek a change of custody by

way of a counterclaim in violation of OCGA § 19-9-23. "When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). The undisputed facts relevant to the resolution of this question of law are as follows.

On October 3, 2003, the Superior Court of DeKalb County entered a Consent Final Judgment and Decree of Divorce to the Seeleys. The decree states that "the parties shall share joint legal and physical custody" of their minor child. The decree does not provide for child support or for a primary physical custodian, but sets forth a plan for "co-parenting" the child, equally dividing custody, visitation, and financial responsibilities between the parents. The decree does, however, provide that if the parties are unable to agree upon matters pertaining to the child's medical care, education, religion, or social activities, the mother shall have final decision-making authority.

On May 4, 2004, the father filed the instant action for modification of physical custody and visitation in the Superior Court of Gwinnett County. Although the father remained a resident of DeKalb County, the mother had since the divorce moved to Suwanee, and become a resident of Gwinnett County. The father sought an order "transferring temporary and permanent physical custody of the minor child" to himself. On June 14, 2004, the mother filed her answer and counterclaim. In her answer, she contended that physical custody was not equal, that the child spent most of the time with her. In her counterclaim, the mother sought "primary physical custody" of the child and child support.

On February 23, 2005, on the morning of trial, the father made an oral motion to dismiss the mother's counterclaim. The father argued that the mother's claims for custody and support had to be brought in a separate action, not as a counterclaim, and they were required to be brought in the father's county of residence pursuant to OCGA § 19-9-23. After the parties and the court debated the issue on the merits, the court reserved ruling and proceeded with the case. After hearing testimony from the first of six witnesses, the court revisited the father's motion and denied it. The court concluded that OCGA § 19-9-23 did not bar the mother's counterclaim, and that a counterclaim should be allowed when, in cases like this, both parties were essentially seeking the same relief.

OCGA § 19-9-23 provides, in pertinent part:

. . .

(b) A complaint by the legal custodian seeking a change of legal custody *or visitation rights* shall be brought as a

separate action in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state.

(c) No complaint specified in subsection . . . (b) of this Code section shall be made:

(1) *As a counterclaim* or in any other manner in response to a petition for a writ of habeas corpus seeking to enforce a child custody order; or

(2) In response to any other action or motion seeking to enforce a child custody order.

. . .

(Emphasis supplied.) Our courts have repeatedly held that this statute precludes a counterclaim seeking a change in custody. *Kapur v. Roach*, 272 Ga. 767, 768 (534 SE2d 420) (2000); *Jones v. Jones*, 256 Ga. 742, 743 (352 SE2d 754) (1987); *Terry v. Garibaldi*, 274 Ga. App. 405, 408 (1) (618 SE2d 6) (2005). As we have noted, "the statute is clear: any complaint seeking to obtain a change of custody of a child shall be brought as a separate action. We cannot ignore the clear language of the statute, even where it appears . . . to defy logic." (Footnote and emphasis omitted.) *Terry*, supra, 274 Ga. App. at 408.

The mother argues we should not apply OCGA § 19-9-23 here because she sought to change only physical custody, not legal custody. We find no merit in this argument. OCGA § 19-9-23 (b) expressly provides that a complaint "seeking a change of legal custody *or visitation rights* shall be brought as a separate action," and the mother's counterclaim for primary physical custody clearly sought to change the father's ability to visit with his child. (Emphasis supplied.) Indeed, a large portion of the trial court's order was devoted to outlining the changes to the father's visitation rights.

Because OCGA § 19-9-23 precluded the mother's counterclaim, the trial court erred when it denied the father's motion to dismiss the mother's counterclaim and took evidence on the counterclaim. Consequently, we vacate the trial court's order and remand this case to the trial court for a hearing on the father's complaints only.

2. The mother argues for the first time on appeal that the father waived his rights under OCGA § 19-9-23 by moving to dismiss her counterclaim orally instead of in writing. The mother's waiver argument is barred because she failed to raise it below and, instead, addressed the issue on the merits. See *Pantusco v. Wiley*, 274 Ga. App. 144, 147 (2) (616 SE2d 901) (2005).

Our appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. To consider the case on a completely different basis from that

presented below would be contrary to the line of cases holding, "He must stand or fall upon the position taken in the trial court." Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court.

(Citation and punctuation omitted.) *Lowery v. Atlanta Heart Assoc.*, 266 Ga. App. 402, 404 (2) (597 SE2d 494) (2004).

3. Our holding in Division 1, supra, renders the father's remaining enumerations of error moot.

*Judgment vacated and case remanded. Johnson, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 15, 2006.

*Celeste F. Brewer*, for appellant.
*Nelson H. Turner, Vernadette R. Broyles*, for appellee.