## A07A0610. BAILEY v. BAILEY.
(641 SE2d 580)

BLACKBURN, Presiding Judge.

John Bailey, who was earlier awarded custody of his son in a divorce decree, appeals the Fulton County Superior Court's order granting a change in custody to the mother (Debra Bailey), which relief was requested in the mother's counterclaim asserted in response to his petition to change visitation rights of the mother. Citing OCGA § 19-9-23, the father argues that a claim to change custody may not be asserted as a counterclaim. The mother agrees but argues that by failing to raise the matter earlier and by moving to dismiss or transfer the counterclaim from Douglas County to Fulton County, the father waived his right to assert this defense to her counterclaim. We hold that the father's actions did not waive this defense; therefore, we reverse that portion of the judgment granting the change of custody and otherwise affirm.

The undisputed evidence shows that in February 2004, the father and mother divorced in Fulton County Superior Court, with the court awarding custody of their only child (a son age ten) to the father. The mother later moved her residence to Douglas County, and in March 2005, the father filed a complaint in Douglas County to modify the mother's visitation rights. Before answering this complaint, the mother filed a petition in Fulton County (where the father and child still resided), alleging a material change in circumstances and seeking to change custody to her. The Fulton County court sua sponte dismissed the action, reasoning that the mother's request could better be heard in Douglas County where the custody arrangements were already being litigated by the father. The mother did not appeal this order.

The mother then filed an answer and counterclaim in the father's Douglas County action, and in her counterclaim she sought to have custody of the child changed to her. After trial commenced, the father moved the Douglas County court to dismiss or in the alternative to transfer the mother's counterclaim to Fulton County, arguing that she was required under OCGA § 19-9-23 to file a separate action in Fulton County to seek a change in custody. The court did not grant this motion to dismiss or transfer *the counterclaim* under OCGA § 19-9-23, but instead transferred *the entire case* (including the

father's claims) to Fulton County, reasoning that under OCGA § 19-9-62 (a), the Fulton County court had exclusive, continuing jurisdiction over the question of custody. The Fulton County clerk assigned the transferred case a new civil action file number.

After this transfer was effected but before trial, the father moved the Fulton County court to dismiss the mother's counterclaim on the ground that under OCGA § 19-9-23, she could not assert this as a counterclaim but had to file a separate action in Fulton County. The Fulton County court denied this motion, finding that the father had waived the issue by moving the Douglas County court in the alternative to transfer the counterclaim to Fulton County. Following the trial, the Fulton County court denied the relief sought in the father's complaint and granted the relief sought in the mother's counterclaim, awarding custody of the child to the mother. His application for discretionary appeal having been granted by this Court, the father appeals this order, arguing that the Fulton County court erred in denying his motion to dismiss the mother's counterclaim.

Whether the mother could seek a change of custody in the form of a counterclaim in the Douglas County action (subsequently transferred to Fulton County), and whether the father waived his rights to challenge this procedure when he sought in the alternative to transfer the mother's counterclaim, are legal issues. "When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Punctuation omitted.) *Seeley v. Seeley.*[1]

OCGA § 19-9-23 (a) provides that after a court has determined who is to be the legal custodian of a child, any complaint brought by the noncustodial parent to obtain a change of legal custody of the child "shall be brought as a separate action in the county of residence of the legal custodian of the child." OCGA § 19-9-23 (c) further provides that no such complaint shall be made as a counterclaim or in any manner as a response to any writ, motion, or action seeking to enforce a child custody order.

We have held that the language of OCGA § 19-9-23 is "clear and unequivocal" (*Hammontree v. Hammontree*[2]) and is "mandatory" (*Ganny v. Ganny*[3]) and that therefore "a counterclaim seeking a change of custody in an action brought by the custodial parent in the county of the noncustodial parent's residence is improper because (1) it is not a separate action and (2) it is not brought in the county of the

[1] *Seeley v. Seeley*, 282 Ga. App. 394, 395 (1) (638 SE2d 837) (2006).

[2] *Hammontree v. Hammontree*, 186 Ga. App. 819, 821 (368 SE2d 576) (1988).

[3] *Ganny v. Ganny*, 238 Ga. App. 123, 125 (2) (518 SE2d 148) (1999).

custodial parent's residence." *Rogers v. Baudet*.[4] See *Jones v. Jones*.[5] Although early on we held that a custody change could be sought as a counterclaim in response to an action that was not strictly an action to enforce a custody order (*Dixon v. Dixon*[6]), we subsequently overruled that case and held that such relief could not be sought as a counterclaim to any type of action. *Wilson v. Baldwin*.[7] As we recently reiterated in *Seeley*, supra, 282 Ga. App. at 396 (1):

> Our courts have repeatedly held that this statute precludes a counterclaim seeking a change in custody. *Kapur v. Roach*;[8] *Jones*[, supra, 256 Ga. at 743]; *Terry v. Garibaldi*.[9] As we have noted, the statute is clear: any complaint seeking to obtain a change of custody of a child shall be brought as a separate action. We cannot ignore the clear language of the statute, even where it appears to defy logic. *Terry*, supra, 274 Ga. App. at 408 [(1)].

(Punctuation omitted.) See also *Graves v. Graves*.[10]

Conceding this point, the mother nevertheless argues that the father waived this issue by failing to raise the matter earlier and by moving the Douglas County court in the alternative to transfer the mother's counterclaim to a Fulton County court. The mother maintains that the Douglas County court granted that motion by transferring the entire case to Fulton County and that therefore the father cannot now complain of an induced error. We disagree.

It is true that a party may waive the provisions of OCGA § 19-9-23 by its actions or words. See *Kapur*, supra, 272 Ga. at 768 ("the general rule prohibiting counterclaims for custody modifications can be waived"); *Ganny*, supra, 238 Ga. App. at 125 (2). However, the father did not do so here. Although he did not raise the matter as a defense in his pleadings, such was not required, since he filed no response to the mother's counterclaim. OCGA § 9-11-12 (a) provides that a counterclaim does not require an answer and automatically stands denied. OCGA § 9-11-12 (b) provides further that "[i]f a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief." Thus, the father was

---

[4] *Rogers v. Baudet*, 215 Ga. App. 214, 215 (1) (449 SE2d 900) (1994).

[5] *Jones v. Jones*, 256 Ga. 742, 743 (352 SE2d 754) (1987).

[6] *Dixon v. Dixon*, 183 Ga. App. 756, 757 (360 SE2d 8) (1987).

[7] *Wilson v. Baldwin*, 239 Ga. App. 327, 328 (519 SE2d 251) (1999).

[8] *Kapur v. Roach*, 272 Ga. 767, 768 (534 SE2d 420) (2000).

[9] *Terry v. Garibaldi*, 274 Ga. App. 405, 408 (1) (618 SE2d 6) (2005).

[10] *Graves v. Graves*, 186 Ga. App. 140, 141 (1) (366 SE2d 809) (1988).

permitted to raise this matter, as he did, in a written motion just before trial. See *U. S. Traffic Corp. v. Turcotte*;[11] *Jones v. Conlin*.[12]

The father's asking the Douglas County court to dismiss the mother's counterclaim or in the alternative to transfer that counterclaim to Fulton County did not waive the issue. First, as conceded by the mother, the father sought the transfer in the alternative. The primary relief requested by the father was the dismissal of the counterclaim, which the Douglas County court declined to do. The fact that the father sought alternative relief in case the Douglas County court failed to grant the primary relief did not constitute a waiver of his right to the primary relief. Second, the Douglas County court did not grant his secondary relief, for the court did not transfer *the counterclaim* as requested by the father pursuant to OCGA § 19-9-23, but instead the court sua sponte transferred *the entire case* to Fulton County pursuant to OCGA § 19-9-62 (a). Thus, the mother's claim did not appear in the Fulton County court as a separate action, but appeared as an impermissible counterclaim with the original complaint filed by the father in Douglas County. Third, even consenting to the transfer of a case containing an illegal counterclaim does not waive a party's right to challenge the other party's failure to bring the counterclaim as a separate action. *Kapur*, supra, 272 Ga. at 768.

The cases cited by the mother as examples of waiver are all distinguishable. See *Ganny*, supra, 238 Ga. App. at 125 (2) (waiver found where OCGA § 19-9-23 issue not raised until closing argument); *Houston v. Brown*[13] (waiver found where plaintiff did not move to dismiss counterclaim until after trial was complete and a temporary order was issued); *Daust v. Daust*[14] (waiver found where plaintiff consented to several custody orders by the court).

Finally, the mother claims that since she initially tried to assert the change-of-custody claim as a separate action in Fulton County, but was unsuccessful when the Fulton County court sua sponte dismissed the action, she was properly allowed to pursue it as a counterclaim to the Douglas County action, especially since that entire action ended up in Fulton County anyway. However, the mother ignores the fact that she failed to appeal the Fulton County order dismissing her action, even though (as conceded in her appellate brief) she was well "aware of the requirements of OCGA § 19-9-23 (a)." The fact that the court was mistaken in dismissing the mother's

[11] *U. S. Traffic Corp. v. Turcotte*, 246 Ga. App. 187 (1) (539 SE2d 884) (2000).

[12] *Jones v. Conlin*, 171 Ga. App. 346 (320 SE2d 188) (1984).

[13] *Houston v. Brown*, 212 Ga. App. 834 (443 SE2d 3) (1994).

[14] *Daust v. Daust*, 204 Ga. App. 29, 30-31 (418 SE2d 409) (1992).

original Fulton County action did not excuse the mother from appealing that ruling nor authorize the mother to pursue the claim as a counterclaim, especially where the statute and case law are so definitive that such a counterclaim is simply not permitted.

The Fulton County court erred in denying the father's motion to dismiss the counterclaim. Accordingly, that portion of the judgment granting the mother's counterclaim for a change in custody is reversed. *Hammontree*, supra, 186 Ga. App. at 821. The judgment is otherwise affirmed. This ruling moots the remaining enumerations of error.

*Judgment affirmed in part and reversed in part. Ruffin and Bernes, JJ., concur.*

DECIDED JANUARY 31, 2007.

*Deanna H. Powell*, for appellant.
*Lawson & Thornton, George O. Lawson, Jr.*, for appellee.