A09A0193. CORDELL v. BANK OF NORTH GEORGIA.
(672 SE2d 429)

BLACKBURN, Presiding Judge.

In this action on a guaranty, Steve Cordell appeals the grant of summary judgment to Bank of North Georgia, in which the trial court found that no disputed issues of fact existed as to Cordell's liability as a guarantor for the payment of a promissory note in default. Cordell argues that over his objection, the trial court erroneously considered an untimely affidavit from the bank that was filed only seven days before the summary judgment hearing and only two weeks before the court ruled on the summary judgment motion. We agree and therefore reverse.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review

---

[1] OCGA § 15-11-78 (a).

applies to an appeal from a grant of summary judgment. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

The undisputed evidence shows that in January 2008, the bank sued Cordell (as well as the maker of the promissory note and another guarantor) to recover monies allegedly due on a $2.65 million promissory note that Cordell had allegedly guaranteed up to $1 million. As exhibits, the unverified complaint attached alleged copies of the note, two renewals/modifications of the note, the two guaranties, and a demand letter sent by the bank to Cordell. Within days of Cordell's answer to the suit (in which he admitted to executing the guaranty but denied most everything else), the bank in February 2008 moved for summary judgment against Cordell and in its favor, filing an affidavit from a bank official that purported to authenticate and to attach as exhibits copies of the note, the two renewals/modifications, the Cordell guaranty, and the demand letter. However, the affidavit in fact failed to attach the documents as exhibits. Relying on the provisions of the missing documents, the bank official affied that the note was in default, that Cordell had refused to pay under the guaranty, and that Cordell was liable to the bank for $1 million plus attorney fees. The bank's statement of undisputed material facts as well as its brief also relied repeatedly on the missing exhibits.

In his response brief filed in March, Cordell argued that because the affidavit had no exhibits attached thereto, the bank had presented insufficient evidence to warrant summary judgment. In May, Cordell served written discovery on the bank (requesting documents) and set up some depositions for July 7 and 8. Seven days before the summary judgment hearing on June 17, the bank filed a second affidavit from the same official, which tracked the first affidavit but this time attached the missing exhibits. In its reply brief filed that same day, the bank claimed the exhibits had been inadvertently omitted from the first affidavit due to counsel error.

On the day before the hearing, Cordell moved to strike the second affidavit as untimely. At the June 17 hearing, the court considered the motion to strike first and denied the motion, finding that because the missing exhibits were attached to the complaint, the failure to attach them to the first affidavit did not prejudice Cordell and that therefore the court would consider the second affidavit that had attached and authenticated the missing exhibits. Although the court initially indicated it would withhold ruling on the pending motion for a few weeks to allow Cordell to take the scheduled depositions and to review the requested documents, the

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

court changed its mind and stated it would let the parties know shortly what it would do. A few days later on June 25 (15 days after the filing of the second affidavit by the bank), the court issued a written ruling, relying on the second affidavit and granting summary judgment to the bank. Cordell appeals.

1. Cordell's first three enumerations of error focus on the court's refusal to strike the second affidavit as untimely and on the court's reliance on this affidavit in reaching its decision to grant summary judgment. He argues that the court could not consider an affidavit supporting summary judgment that was not filed at least 30 days before the hearing or at least 30 days before the court ruled on the motion.

(a) *Why did the second affidavit matter?* Before addressing whether the court should have considered the second affidavit, we focus first on the importance of the second affidavit under the particular circumstances of this case. The first affidavit did not authenticate the key documents in this case, including the note, its two renewals, and Cordell's guaranty, as it mistakenly failed to attach those exhibits. Although these exhibits were attached to the unverified complaint, the law is well established that "the complaint is not evidence and thus may not be considered *in deciding a motion for summary judgment.*" (Punctuation omitted; emphasis in original.) *Wellstar Health System v. Painter.*[2] Unlike documents on which an expert relies in reaching an opinion, these exhibits were the heart and soul of the bank's cause of action against Cordell and therefore had to be authenticated and submitted as evidence for the bank to be awarded summary judgment. Thus, although the material on which an expert relies in reaching an affidavit opinion need only be found somewhere in the record (assuming the affidavit sufficiently identifies the materials), see *Hughey v. Emory Univ.*,[3] the missing exhibits here were the "best evidence" of the renewed debt and guaranty and therefore were required to be authenticated and submitted as evidence.[4] See OCGA § 24-5-4; *Alcatraz Media, LLC v. Yahoo! Inc.*[5] ("OCGA § 24-5-4 (a), the best evidence rule, applies when, as here, a document is introduced to establish the existence or contents of the document.") (punctuation omitted). Without these documents, the bank's motion for summary judgment necessarily would have failed.

---

[2] *Wellstar Health System v. Painter*, 288 Ga. App. 659, 662, n. 5 (655 SE2d 251) (2007).

[3] *Hughey v. Emory Univ.*, 168 Ga. App. 239, 240 (308 SE2d 558) (1983).

[4] We note that the bank's reference to a consent judgment between the debtor and the bank to establish Cordell's liability is unavailing, as the trial court properly did not rely on this document (unsigned by the court) that was filed after the summary judgment hearing.

[5] *Alcatraz Media, LLC v. Yahoo! Inc.*, 290 Ga. App. 882, 884 (1) (a) (660 SE2d 797) (2008).

Therefore, the first affidavit's failure to attach the exhibits provided the court with insufficient evidence to grant the bank's motion for summary judgment, even though those documents in an unauthenticated form were found elsewhere in the record. We note that the guaranty was authenticated in Cordell's answer in that he admitted to signing the guaranty that was attached to the complaint. See *Strozier v. Simmons U.S.A. Corp.*[6] ("OCGA § 24-3-30 provides that a party may avail himself of allegations contained in the other party's pleadings without the necessity of offering them into evidence.") Nevertheless, the note that was being guaranteed and its renewals were not authenticated. This demonstrates the critical need for the second affidavit, which attached the note and its renewals and authenticated them. Thus, this case comes down to whether the lower court could properly consider the second affidavit in reaching its decision on summary judgment.

(b) *Could the court consider the second affidavit?* The second affidavit was filed only seven days before the summary judgment hearing and only fifteen days before the court issued its final ruling granting summary judgment. The law is clear that "[a]ffidavits relied upon in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing." *Orrel v. Amerada Hess Corp.*[7] *Corry v. Robinson*[8] explained:

> OCGA § 9-11-56 (c), which requires that a motion for summary judgment be served at least 30 days before the time fixed for a hearing, and OCGA § 9-11-6 (d), which requires that when a motion is supported by affidavit, the affidavit shall be served with the motion, have been construed together to mean that an affidavit relied on in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing. *Gunter v. Hamilton Bank &c.*[9] Accord *Porter Coatings v. Stein Steel & Supply Co.*[10]

(Punctuation omitted.) This "filing requirement is not waived unless the opposing party acquiesces in the use of the untimely materials or the party seeking to file a late affidavit seeks and obtains an extension from the court pursuant to OCGA § 9-11-6 (b) to extend

---

[6] *Strozier v. Simmons U.S.A. Corp.*, 192 Ga. App. 601, 602 (385 SE2d 677) (1989).

[7] *Orrel v. Amerada Hess Corp.*, 224 Ga. App. 625, 628 (3) (481 SE2d 624) (1997).

[8] *Corry v. Robinson*, 207 Ga. App. 167, 169-170 (2) (427 SE2d 507) (1993).

[9] *Gunter v. Hamilton Bank &c.*, 201 Ga. App. 379, 381 (411 SE2d 115) (1991).

[10] *Porter Coatings v. Stein Steel & Supply Co.*, 247 Ga. 631 (278 SE2d 377) (1981).

the time for filing," *U. S. Traffic Corp. v. Turcotte*,[11] neither of which circumstance occurred here. See *Corry*, supra, 207 Ga. App. at 170 (2). Even if the court had extended the time for filing, "[a]ny such extension of time within which to file supporting affidavits should also ensure that the party opposing the motion will have 30 days within which to respond." (Punctuation omitted.) *McIntosh v. McLendon*.[12] See *Harrell v. Fed. Nat. Payables*;[13] *Wall v. C & S Bank of Houston County*[14] ("any order allowing the filing of movant's affidavits after the motion for summary judgment had already been filed, without also ensuring that the opposing party had 30 days from the time allowed to respond, would be highly suspect if not fatally defective").

Here, the court ruled on the summary judgment motion without extending the time for the filing of the second affidavit and without even giving Cordell the thirty days (following the filing of the second affidavit) to take the two depositions he had scheduled and to receive the documents he had requested. Nevertheless, in granting summary judgment, the court relied on the second affidavit to authenticate the note and its renewals. The court erred, and its decision must be reversed. See *Bonds v. John Wieland Homes, Inc.*[15]

The bank's efforts to avoid this result are to no avail. The bank first argues that the court had the discretion to consider untimely affidavits. While that may be true in nonsummary judgment motions where OCGA § 9-11-56 (c) does not apply (see, e.g., *Walton v. Datry*[16]), the court's discretion in summary judgment cases is constrained by the strictures of the 30-day rule, which requires that the nonmovant have at least 30 days to respond to evidence submitted in support of the summary judgment motion. See *McIntosh*, supra, 162 Ga. App. at 220 (1). The bank's citation to cases where the party opposing summary judgment was allowed to file untimely affidavits misses the mark, as it is well recognized that unlike affidavits *supporting* summary judgment, affidavits *opposing* summary judgment are not subject to the 30-day rule. See OCGA § 9-11-56 (c); *Fairington, Inc. v. Yeargin Constr. Co.*[17] See, e.g., *Howell Mill/Collier*

---

[11] *U. S. Traffic Corp. v. Turcotte*, 246 Ga. App. 187, 188 (2) (539 SE2d 884) (2000).

[12] *McIntosh v. McLendon*, 162 Ga. App. 220 (1) (290 SE2d 157) (1982).

[13] *Harrell v. Fed. Nat. Payables*, 264 Ga. App. 501, 505 (4) (591 SE2d 374) (2003).

[14] *Wall v. C & S Bank of Houston County*, 145 Ga. App. 76, 79 (2), n. 2 (243 SE2d 271) (1978).

[15] *Bonds v. John Wieland Homes, Inc.*, 177 Ga. App. 254, 256-257 (1) (339 SE2d 318) (1985).

[16] *Walton v. Datry*, 185 Ga. App. 88, 91 (2) (363 SE2d 295) (1987).

[17] *Fairington, Inc. v. Yeargin Constr. Co.*, 144 Ga. App. 491, 492 (1) (241 SE2d 608) (1978).

*Assoc. v. Gonzales*[18] (allowing late-filed affidavits opposing summary judgment).

The bank next argues that since the note and its renewals were attached to the complaint, this sufficed to cure any defect in the failure to attach these exhibits to the first affidavit that sought to authenticate them, as Cordell clearly had notice of them. The bank misses the point. The court simply did not have the authority to consider unauthenticated documents, regardless of whether Cordell had notice that those documents existed. Thus, *Lend Lease Trucks v. TRW, Inc.*[19] rejected this same argument where a timely-filed affidavit attached the key contract at issue but did not authenticate it, and a late-filed affidavit (filed the day before the summary judgment hearing) sought to cure this defect by attaching and authenticating the contract. Citing the strict requirements of the 30-day rule, *Lend Lease Trucks* reversed the grant of summary judgment on the ground that "the trial court improperly relied upon the [later] affidavit in granting [the] motion for summary judgment." Id. at 412 (1). The fact that the unauthenticated contract was already in the record of the case did not give the court the power to rely on the second, untimely affidavit to authenticate it. Cf. *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.*[20] (even though key documents came from the files of the party opposing summary judgment, who therefore necessarily had knowledge of the documents, the court could not consider these documents in granting summary judgment, as the documents were not filed 30 days prior to the summary judgment hearing).

For these reasons, the trial court erred by considering the second affidavit and attached exhibits, and in relying on them to grant summary judgment to the bank. See *Gunter*, supra, 201 Ga. App. at 381.

2. "In so ruling, we need not address [Cordell's] enumerations of error dealing with the merits of issues raised by the untimely materials not properly before the trial court, nor do we express any opinion on the merits of the bank's claim." *Gunter*, supra, 201 Ga. App. at 381.

*Judgment reversed. Ruffin and Adams, JJ., concur.*

DECIDED DECEMBER 31, 2008.

---

[18] *Howell Mill/Collier Assoc. v. Gonzales*, 186 Ga. App. 909, 910-911 (2) (368 SE2d 831) (1988) (physical precedent only).

[19] *Lend Lease Trucks v. TRW, Inc.*, 206 Ga. App. 410, 411 (1) (425 SE2d 293) (1992).

[20] *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.*, 157 Ga. App. 448, 449 (1) (278 SE2d 40) (1981).

*Kitchens, Kelley & Gaynes, Mitchell S. Rosen, David F. Cooper*, for appellant.

*Beloin, Brown, Blum & Baer, Frederic S. Beloin, Woodward & Stern, Corey M. Stern*, for appellee.