**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 22, 2021**

# In the Court of Appeals of Georgia

A21A0913. PASCAL v. PINO.

PHIPPS, Senior Appellate Judge.

This custody dispute arose when Diana Marie Pascal (the "mother") petitioned to modify the custody arrangement previously agreed to by her and her ex-husband, Jose Gonzalez Pino (the "father"). The father counterclaimed to modify child support. Following a bench trial at which the father also sought to modify custody, the trial court awarded primary physical custody of the minor children to the father. The mother contends on appeal that the trial court abused its discretion by granting relief not sought in the father's counterclaim and finding that the evidence was sufficient to support a modification of physical custody to the father. Because we conclude that the trial court erred by considering the father's request for primary physical custody

when that request was not properly before the court, we vacate the trial court's order and remand this case to the trial court for a hearing on the mother's complaint only.

Georgia law is well settled,

[a] trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest. Our standard of review is deferential: we will uphold the trial court's decision unless the court abused its discretion, and where there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion.

*Lester v. Boles*, 335 Ga. App. 891, 892 (1) (782 SE2d 53) (2016) (citations and punctuation omitted). When, however, the argument asserted presents a question of law, as here, "we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." *Seeley v. Seeley*, 282 Ga. App. 394, 395 (1) (638 SE2d 837) (2006) (citation and punctuation omitted); accord *Borgers v. Borgers*, 347 Ga. App. 640, 645 (1) (b) (820 SE2d 474) (2018).

The undisputed evidence in this case shows that the parties have two minor children, born in 2011 and 2015. The parties divorced in 2018 and agreed that they would have joint legal and physical custody of the minor children. The final decree of divorce incorporated the parties' signed settlement agreement and parenting plan.

In August 2019, the mother petitioned to modify custody, visitation, and child support. Specifically, she sought to be named the children's primary physical custodian, to adjust the parenting time schedule, and to obtain final decision-making authority over all decisions regarding the children, including where they would attend school. The mother also requested a modification of child support to account for any change in custody and parenting time. Prior to filing his answer and counterclaim, the father filed an emergency motion for custody based on his assertions that the mother made "highly troubling" statements to him and exhibited unusual behavior during a custody exchange. The trial court held a hearing, and granted the father's motion, temporarily awarding him sole legal and physical custody of the children and limiting the mother's visitation.

Approximately one month later, the father answered the mother's petition and counterclaimed. Although the pleading's title identified it as "Answer and Counterclaim to Modify Custody, Visitation, and Support," the counterclaim itself was titled "Counterclaim to Modify Child Support," and the father did not request a modification of child custody within the pleading. In fact, the father specifically prayed "[t]hat the relevant portions of the Final Judgment and Decree, and Permanent Parenting Plan governing child custody remain unchanged."

3

In August 2020, the trial court conducted a bench trial on the mother's petition and the father's counterclaim. In the father's opening statement, his counsel indicated, for the first time, that the father was seeking permanent primary physical custody of the children. In that regard, counsel asserted, "[W]e believe the evidence is going to show that it's not appropriate for [the mother] to continue to have primary custody [sic] of these kids. It's in their best interest to be in a home with a parent who is stable. . . . The children are better off with my client in a stable, safe household." Although the father testified that he was not seeking sole physical custody of the children, he nevertheless requested that custody "remain as close as possible to how [it has] been since the emergency hearing," where he received sole legal and physical custody. He then testified about what he would do if granted primary physical custody of the children. On cross-examination, however, the father acknowledged that his only request for a change in custody had been in conjunction with the emergency motion he filed in this proceeding. The mother objected to the father's custody modification request, arguing that he never counterclaimed for such a modification.

The trial court issued a final order concluding that it was in the best interests of the children for the parties to have joint legal custody, with the father having

4

primary physical custody. The court then entered a permanent parenting plan to that effect. The mother appeals from the trial court's final order.

1. In her first enumeration of error, the mother asserts that the trial court abused its discretion in granting the father relief not sought in his counterclaim. Specifically, the mother argues that the trial court had no authority to award the father primary physical custody of the children because the father did not request a change in custody in his counterclaim and, in fact, specifically requested that the provisions of the original parenting plan – in which the parties had joint legal and physical custody – remain unchanged. We agree.

OCGA § 19-9-23 governs actions to obtain a change of legal or physical custody. Under the current version of that statute – which was in effect at the time the mother filed her petition for modification of custody, visitation, and support – a party must request a change of legal or physical custody in one of two ways: (a) by initiating a complaint seeking such relief in the appropriate venue, or (b) by bringing a counterclaim for modification of legal or physical custody in response to a complaint seeking to modify custody. OCGA § 19-9-23 (a), (d) (2019). This Court repeatedly has noted that "the language of OCGA § 19-9-23 [requiring a party to bring a separate complaint to change custody] is clear and unequivocal and is

mandatory."[1] *Bailey v. Bailey*, 283 Ga. App. 361, 362 (641 SE2d 580) (2007) (citations and punctuation omitted); accord *Seeley v. Seeley*, 282 Ga. App. 394, 396 (1) (638 SE2d 837) (2006); *Terry v. Garibaldi*, 274 Ga. App. 405, 408 (1) (618 SE2d 6) (2005). Likewise, the 2019 statutory revision permitting a party to bring "a counterclaim for modification of legal custody or physical custody in response to a complaint" for modification of the same, similarly is clear and unambiguous.[2] See Ga. L. 2019, p. 904, § 2; OCGA § 19-9-23 (d) (2019).

In this case, it is undisputed that the father did not initiate a complaint, and he implicitly concedes that he did not bring a counterclaim to modify custody in

[1] OCGA § 19-9-23 was enacted in 1978, Ga. L. 1978, p. 1957, § 4, and its language regarding the filing of a separate complaint to change custody essentially has remained unchanged. From 1978 until the statute was revised in 2019, the law stated that "[a] complaint by the legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action" in the appropriate venue. Ga. L. 1978, p. 1957, § 4 (b); see Ga. L. 1983, p. 3, § 52 (revising statute to reflect correct constitutional provision regarding venue). The current law states that "[a] complaint seeking a change of legal custody or physical custody shall be initiated" in the appropriate venue. OCGA § 19-9-23 (a) (2019).

[2] From 1978 until the 2019 statutory revision, the law mandated that filing a separate action was the only method to seek a change in custody; the law did not allow a party to counterclaim for such relief. Ga. L. 1978, p. 1957, § 4 (c). See also *Terry*, 274 Ga. App. at 407. However, effective July 1, 2019, the statute was revised to explicitly authorize a party to bring a counterclaim for modification of legal or physical custody in response to a complaint initiated to change custody. Ga. L. 2019, p. 904, § 2; OCGA § 19-9-23 (d) (2019).

response to the mother's petition by failing to make any such claim in his appellate brief. In fact, the father specifically states in his appellate brief that he "was not required to file a counterclaim for modification before being permitted to argue the best interest of the minor children were served by an alternative to the one suggested by [the mother]."[3] Because the father failed to properly seek a change of legal or physical custody under OCGA § 19-9-23, he was precluded from obtaining such an award. See generally *Bailey*, 283 Ga. App. at 362; *Seeley*, 282 Ga. App. at 395-396 (1); *Terry*, 274 Ga. App. at 407.

In an attempt to avoid the requirements of OCGA § 19-9-23, the father argues that "[t]rial courts are not limited by pleadings in determining the best interests of children." He claims that "[w]hether a trial court has the discretion to order what it determines is in the best interests of a child if it runs counter to the relief prayed for

---

[3] The record shows that the father never filed a counterclaim for a change of custody, but, rather, filed a counterclaim seeking to modify his child support obligation. We decline to construe the father's filing of an emergency motion for custody within the mother's modification action as a counterclaim for permanent custody in this case because the pleading he subsequently filed plainly requested that "the relevant portions of the Final Judgment and Decree, and Permanent Parenting Plan governing child custody remain unchanged." In addition, we decline to construe the father's oral request for a modification of custody at trial as "bring[ing] a counterclaim for modification of . . . custody in response to a complaint" as required by OCGA § 19-9-23.

in the petition . . . appears to be a matter of first impression in Georgia." However, these arguments run counter to the clear statutory mandates of OCGA § 19-9-23. In construing the prior version of OCGA § 19-9-23, this Court repeatedly noted that trial courts cannot entertain a request to modify custody if not properly brought pursuant to OCGA § 19-9-23, even if custody – which necessarily requires a determination regarding the best interests of the children – is before the trial court in the underlying petition. See generally *Jones v. Jones*, 256 Ga. 742, 743 (352 SE2d 754) (1987) (addressing prior version of statute); *Bailey*, 283 Ga. App. at 362 (same); *Seeley*, 282 Ga. App. at 395-396 (1) (same).

In addition, adopting the father's argument that, regardless of the parties' pleadings or prayers for relief, a trial court *always* is authorized to consider the best interests of the children and grant an award reflecting those interests would render OCGA § 19-9-23 meaningless. Indeed, the analysis proposed by the father would allow any parent to argue that modification of custody in his favor is in the best interests of the children without complying with the express statutory provisions specifying the methods by which a party can bring a modification of custody claim.[4]

---

[4] Likewise, the father's specious argument that the trial court "granted [the] Mother's petition to modify" but "simply did not agree with what [the] Mother claimed was in the best interests of the minor children" is yet another attempt to

This we cannot do because this Court must presume that "the legislature meant something by the passage of [a statute,] and, [we are] charged with the duty to construe a statute so as not to render it meaningless." *Powell v. Studstill*, 264 Ga. 109, 113 (3) (b) (441 SE2d 52) (1994) (citation omitted); accord *Handel v. Powell*, 284 Ga. 550, 554-555 (670 SE2d 62) (2008) (courts must construe a statute to give sensible and intelligent effect to all of its provisions and to refrain from any interpretation that renders any part of the statute meaningless). Accordingly, although the father points to facts elicited during the hearing on his emergency motion and at trial as support for his assertion that the trial court's award of primary physical custody to him was in the children's best interests, these factors do not, themselves, create a separate basis for jurisdiction in contravention of the clear mandates of OCGA § 19-9-23.

We are sympathetic to the father's argument that a trial court is obligated to decide what award is in the children's best interests. And

> [w]e realize that the filing of a separate change of custody suit by the [father] could result in consolidation of the two actions in front of the same judge, and that the trial court would have had to consider the custody issue whether the [father] filed a counterclaim or a separate

bypass the statutory requirements of OCGA § 19-9-23.

9

> complaint. In terms of judicial efficiency, the [father's] position is understandable, even compelling.

*Terry*, 274 Ga. App. at 407-408 (1). However, this Court has never recognized unfettered discretion in the trial court's ability to craft a remedy in the best interests of the children regardless of the requested relief before the court. "A trial court's discretion must be circumscribed by applicable legal principles and exercised within appropriate lawful bounds." *McClellan v. State*, 274 Ga. 819, 824 (561 SE2d 82) (2002) (Carley, J., concurring in part and dissenting in part). In addition, as this Court previously noted when addressing the prior version of OCGA § 19-9-23, "[w]e cannot ignore the clear language of the statute, even where it appears to defy logic." *Bailey*, 283 Ga. App. at 363 (citation and punctuation omitted); accord *Seeley*, 282 Ga. App. 396 (1).

Here, because the father did not comply with the mandates of OCGA § 19-9-23 by initiating a complaint or bringing a counterclaim to modify custody, he was precluded from seeking to modify custody in this action. The trial court, therefore, lacked authority to consider the father's request for modification of custody and to award the father primary physical custody of the children; the court was bound to consider only the mother's petition for modification and not take evidence on any

claim for modification by the father. See *Seeley*, 282 Ga. App. at 396 (1). Consequently, we vacate the trial court's order and remand the case with instruction that the trial court consider only the mother's modification petition, as the issues contained in that petition are the only issues properly before the trial court in this case. See id.

2. In separate enumerations of error, the mother contends that (i) trial court abused its discretion in awarding primary physical custody to the father absent a showing of a substantial change in circumstances necessitating a change in custody, (ii) the trial court abused its discretion by modifying custody based on sleep-deprivation issues the mother experienced nearly a year before the final hearing, which have not since recurred, and (iii) the evidence was insufficient to establish that granting the father primary physical custody was in the best interests of the children. Based on our holding in Division 1, we need not reach these arguments.

*Judgment vacated and case remanded. Rickman, C. J., and McFadden, P. J., concur*.

11